Ralph Carter, Petitioner *v.* Commonwealth of Pennsylvania, Department of Justice, and Bureau of Corrections, and Ernest E. Deicks, Records Officer at State Correctional Institution at Pittsburgh, Pennsylvania et al., Respondents.

Submitted on briefs, May 1, 1979, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson,

JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MAC-PHAIL.

*Ralph Carter,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, and *Edward J. Biester, Jr.,* Attorney General, for respondents.

OPINION BY JUDGE WILKINSON, JR., June 18, 1979:

Petitioner has filed a petition for review directed against the Department of Justice (Department). Presently before this Court are motions for summary judgment filed by the petitioner and the Department. The cross-motions for summary judgment are denied.

The following factual background appears from the pleadings filed by the parties. Petitioner was sentenced to a term of 5-10 years following his conviction for armed robbery. The sentence as initially computed bore an effective date of March 1, 1972, a minimum expiration date of March 1, 1977, and a maximum expiration date of March 1, 1982. A charge of escape—willful failure to return from an authorized furlough—was filed against petitioner on July 12, 1973.

On June 28, 1976, the Records Officer at the State Correctional Institution at Pittsburgh prepared a Sen-

tence Status Change Report advising the Pennsylvania Board of Probation and Parole (Board) that, by virtue of the addition of escape time totalling two years, eleven months and eleven days, petitioner's sentence now bore an effective date of February 12, 1973, a minimum of February 12, 1978, and a maximum of February 12, 1983. The computational error is readily apparent and was so also to the Records Officer who prepared another form on the same day which properly reflected the additional time.

Petitioner was sentenced on July 20, 1976 to a term of 1-2 years for the offense of escape which, however, was dismissed on November 8, 1978 pursuant to petitioner's motion under Rule 1100 of the Pennsylvania Rules of Criminal Procedure. Petitioner was notified on November 28, 1978 that yet another Sentence Status Change Report had been prepared which acknowledged the dismissal of the escape charge but indicated that petitioner's sentence would remain as properly recomputed on June 28, 1976 having as the minimum expiration date February 12, 1980 and a maximum of February 12, 1985.

At no time prior to any of these sentence recomputations was petitioner afforded prior notice of the impending administrative action or an opportunity to be heard on the matter. It is this failure to provide minimum due process to which the instant petition for review is directed.

It is clear that petitioner, although not entitled to the full panoply of constitutional rights accorded citizens in general, is entitled to some form of due process hearing prior to an administrative recomputation of his sentence. *Wolff v. McDonald,* 418 U.S. 539 (1974); *Robinson v. Department of Justice,* 32 Pa. Commonwealth Ct. 77, 377 A.2d 1277 (1977). With this general proposition the Department has no argument; the real

remaining issue is what action or relief is now appropriate.

From the record and briefs in this case it appears that certain action has been or will be taken by the Bureau of Correction which may remedy earlier defects.[1] Since the procedure which petitioner rightly argues should have been initially utilized is apparently being instituted, we will dismiss the cross-motions for summary judgment.

We should point out that our disposition of this petition for review is without prejudice to petitioner's rights which have now or subsequently may accrue following the completion of administrative action.

Accordingly, we will enter the following

ORDER

AND Now, June 18, 1979, the cross-motions for summary judgment filed by petitioner, Ralph Carter and respondents on this petition for review at No. 138 Miscellaneous Docket No. 2 are hereby denied and the Bureau of Correction is directed to proceed with the appropriate administrative action.

---

[1] The following appears in the Board chairman's Certificate: Upon information received, the Bureau of Correction is modifying Mr. Carter's sentence to the original effective date of March 1, 1972, with a minimum date of March 1, 1977 and a maximum date of March 1, 1982. . . .
From petitioner's brief we learn that on or about January 19, 1979, following the filing of the instant petition for review, the prison records officer summoned petitioner to a prison office to hold a redeterminating proceeding which petitioner refused to attend for reasons not pertinent to our disposition of this case.