James Edward EVANS,
Petitioner-Appellant,

v.

G. C. WILKERSON, Warden,
Respondent-Appellee.

No. 79–1052.

United States Court of Appeals,
Seventh Circuit.

Argued June 6, 1979.

Decided Sept. 6, 1979.

C. John Pleban, St. Louis, Mo., for petitioner-appellant.

James R. Burgess, Jr., U. S. Atty., Robert L. Simpkins, Asst. U. S. Atty., East St. Louis, Ill., for respondent-appellee.

Before TONE and WOOD, Circuit Judges, and WILL, Senior District Judge.*

WILL, Senior District Judge.

This is an appeal from the denial of a petition for a writ of habeas corpus.

The undisputed facts are that on July 25, 1969, appellant was sentenced to twelve years imprisonment upon his plea of guilty to violating Sections 2113(a) and (d) of Title 18, United States Code. His sentence began to run in May 1969. In May 1976, appellant was transferred to Magdala Halfway House (Halfway House) in St. Louis, Missouri. At the time of his transfer to the Halfway House, appellant's mandatory release date was August 31, 1976. On July 14, 1976, appellant escaped from the Halfway House with only forty-eight days remaining on his sentence.

On the same day, July 14, 1976, in compliance with United States Bureau of Prisons policy, a formal misconduct report was written and an in absentia hearing was held at the Halfway House. The result of the in absentia hearing was a recommendation that all of appellant's statutory good time and earned time be forfeited as of that date.

More than a year later, on October 16, 1977, appellant was taken into custody and on October 31, was returned to federal custody. On November 12, 1977, he was returned to the United States Penitentiary at Marion, Illinois, and on November 14, 1977, was given an initial interview by the Intake Screening Committee, at which time he was

given an opportunity to request that the escape charge hearing be conducted at Marion, which he did. No hearing was held at Marion, however, until December 19, 1977, at which time appellant appeared in person before the Institution Discipline Committee.

December 19 was two days after he would have become eligible for mandatory release from custody if the remaining forty-eight days of his original sentence had been commenced to be served on October 31, 1977 when he was returned to federal custody and his good time was not forfeited. At the December 19 hearing, appellant demanded his immediate release, which was denied. The Institution Discipline Committee approved the recommendation of the Halfway House staff and appellant was stripped of all 862 days statutory good time that he had previously accrued and has remained in federal custody.

On March 2, 1978, appellant was indicted by a federal grand jury in the Eastern District of Missouri, St. Louis, for the alleged escape from Magdala on July 14, 1976. On March 29, 1978, the Honorable James H. Meredith, Chief Judge of the United States District Court for the Eastern District of Missouri, dismissed the indictment on the ground that it had been returned in violation of the provisions of the Speedy Trial Act, 18 U.S.C. § 3161. Thereafter, on May 18, 1978, appellant filed a petition for a writ of habeas corpus with the United States District Court for the Eastern District of Illinois. That court denied the petition. We affirm that denial.

Appellant's first contention is that the Bureau of Prisons' policy which provides for an in absentia hearing immediately upon an inmate's escape to be followed by a hearing with him present at some date after his return to custody does not comport with the requirements of due process and, specifically, the holding in *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), unless that hearing is held during the period of the defendant's custody on his

* The Honorable Hubert L. Will, Senior District Judge of the United States District Court for the Northern District of Illinois, is sitting by designation.

original sentence less good time. In *Wolff v. McDonnell,* the Supreme Court held that an inmate's good time may not be forfeited unless he receives a hearing with certain due process features including his presence.

Appellee contends that the policy under which an in absentia hearing is held in which an escapee's good time may be ordered forfeited is valid so long as there is a subsequent due process hearing within a reasonable time after his recapture, even if that hearing is not held prior to what would have been his mandatory release date except for the forfeiture of good time ordered at the conclusion of the in absentia hearing. He points out that, in some cases, the remaining period of good time may be insufficient to enable the orderly convening of a formal due process hearing and that, in the instant case, after arrival of the necessary reports and materials from the Halfway House, the petitioner was given a copy of the incident report on December 16, 1977 and notified that the hearing would be held on December 19. Under these circumstances, appellee urges that there has been no violation of appellant's due process rights.

The Bureau of Prisons Policy Statement 7400.5D outlines the steps which must be taken to forfeit good time. Subsection (e), entitled "Escapes from Community Centers," directs prison officials to conduct a hearing immediately when an escape is involved. It indicates that a hearing may be held in the prisoner's absence and his good time forfeited in whole or in part subject to a later hearing after his recapture or other mitigating factors. The reason for this provision is to avoid the situation where a prisoner escapes at a time near his mandatory release date and upon recapture there is insufficient time to conduct a hearing with him present prior to the mandatory release date. Upon return to federal custody, the prisoner is informed of the good time forfeiture and given an opportunity to present evidence at a hearing as to reasons why his good time should not be forfeited.

Appellant contends that, unless the hearing is held prior to the mandatory release date, he is entitled to be released on that

date. In support of this contention, he urges that *Downes v. Norton,* 360 F.Supp. 1151 (D.Conn.1973), holds that a due process hearing is required before an escapee's good time may be forfeited. He points out that the court there held that the in absentia hearing was insufficient under the principles of *Wolff v. McDonnell, supra,* and that therefore the forfeiture of good time was ineffective.

Three things should be pointed out with respect to the decision in *Downes.* First, the procedure followed there was superseded by the Bureau of Prisons Policy Statement 7400.5D, which is here under consideration. Under the previous policy procedure and under the stipulated facts in *Downes,* no due process hearing was contemplated and the Warden would not even consider a plea for restoration of good time until the returned inmate had completed six months of good behavior.

Second, the *Downes* court pointed out that the individuals who forfeited the inmates' good time in absentia were the same individuals who would later hold any hearing considering whether or not to modify their earlier decision. Under Policy Statement 7400.5D, this is not the case.

The third point to be noted is that the court did not hold in *Downes* that the forfeiture of good time at the in absentia hearing was invalid and order release of the petitioners. On the contrary, it ordered release only if a due process hearing was not held within ten days of its ruling.

It is axiomatic that the essence of due process is "fundamental fairness." *Galvan v. Press,* 347 U.S. 522, 530, 74 S.Ct. 737, 98 L.Ed. 911 (1954); *Honeywell, Inc. v. Metz Apparatewerke,* 509 F.2d 1137, 1143 (7th Cir. 1975). It is not, in our opinion, fundamentally unfair to an escapee to afford him a due process hearing on whether or not his previously accumulated good time should be forfeited in whole or in part within fifty days after his return to federal custody, even though that may be two days after his original mandatory release date. Due process is not a concept to be formalistically determined and, under all the cir-

cumstances of this case, we conclude that the Bureau of Prisons Policy Statement and its implementation here did not violate appellant's due process rights. Obviously, it would be preferable for the due process hearing to be held prior to any mandatory release date if it is possible to do so. On the other hand, the mere failure to afford an escapee such a hearing within forty-eight days of his return to federal custody does not constitute a violation of his right to fundamentally fair treatment. Necessarily, each case will have to be evaluated on its own facts. The important point to be made is that due process does not require that the hearing be held prior to the mandatory release date regardless of how short a period of time that may be but that it be held within a reasonable time after an escapee's return to federal custody.

Appellant also relies on a statement by the United States District Court for the Eastern District of Missouri in the proceedings on the subsequent escape indictment in which the court dismissed that indictment for failure to comply with the provisions of the Speedy Trial Act. In the course of its opinion the court there stated that "defendant should have been released within forty-eight days after his return to federal custody on October 31, 1977, which would have been December 17, 1977. . . . Since the instant indictment was not returned until March 2, 1978, defendant was not being held on the old charge and he was not indicted on the new charge within the thirty days after October 31, 1977." Appellant urges that this finding is a determination that his due process rights were violated and under the doctrine of collateral estoppel, it is conclusive with respect to that question.

 As Judge Foreman pointed out in his excellent opinion denying appellant's petition for a writ of habeas corpus, collateral estoppel is applicable only with respect to issues which were necessary to decision in a prior case between the same parties. *United ed Shoe Machinery Corp. v. United States,* 258 U.S. 451, 42 S.Ct. 363, 66 L.Ed. 708 (1922). The basis for the decision under the

Speedy Trial Act dismissing the escape indictment was simply that appellant was in federal custody for over thirty days before being charged. He was returned to federal custody on October 31, 1977 and was not indicted until March 2, 1978, more than thirty days thereafter. As Judge Foreman noted, the discussion with respect to the mandatory release date was not necessary to the question of whether or not appellant had been in custody more than thirty days prior to the time the new indictment was returned. Under the circumstances, there is no collateral estoppel effect to the dictum as to whether or not appellant should have been released on December 17, 1977.

We conclude, then, that (1) appellant's due process rights to fundamental fairness were not violated under the Bureau of Prisons Policy Statement 7400.5D and the facts and circumstances of this case, and (2) the dictum expressed in the opinion dismissing the subsequent escape indictment is not entitled to collateral estoppel effect in this habeas corpus proceeding. Accordingly, we affirm the denial of the petition.