**UNITED STATES of America**

v.

**Charles G. LUCK, Jr., Appellant.**
**(Three cases.)**

**Nos. 80–2306 to 80–2308.**

United States Court of Appeals,
District of Columbia Circuit.

Feb. 17, 1981.

Before MacKINNON, ROBB and WIL-
KEY, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

Appellant entered pleas of *guilty* to
counts of burglary, grand larceny and rob-
bery [1] in three proceedings in United States
District Court for the District of Columbia
in 1970. He was sentenced to a total of
eight to twenty-four years, with a parole
eligibility date of July 25, 1977, and was
incarcerated in Lorton Reformatory. In

---

1. The offenses were violations of 22 D.C.Code §§ 1801(b), 2201 and 2901.

May 1973 he was reported in escape status from Lorton; shortly thereafter he was convicted in a Maryland state court of assault with intent to commit murder and was committed to a Maryland prison for confinement. In 1978 he was paroled from his Maryland sentence to a federal detainer and was returned to Lorton, where he is presently incarcerated. Upon his return to Lorton, prison officials automatically added the 1,832 days he had been absent from that prison to the unserved portion of his sentence, thus changing the date of eligibility for parole to July 31, 1982.

Since 1970 appellant has filed some twenty-five motions for postconviction relief. The latest of these motions, filed in the district court on October 14, 1980, and styled a motion to correct sentence under F.R.Crim.P. 35 or a petition for habeas corpus under 28 U.S.C. § 2255, challenges the recomputation of the termination date of his sentence to reflect the period of time he was absent from Lorton. There is no dispute as to this period of time. Although in prior motions appellant had urged that the time he spent in Maryland prison should be credited toward his federal sentence, in this motion appellant focuses his claim on an alleged denial of procedural due process. He argues that because he was never convicted of the crime of escape, the extension of his sentence without a hearing deprived him of due process. The district court denied the motion, as it had all prior motions. On the filing of a notice of appeal, the district court granted leave to appeal *in forma pauperis.* The present motion is for appointment of counsel.

■ It is well established that when the service of a sentence is interrupted by conduct of the defendant the time spent out of custody on his sentence is not counted as time served thereon. *Anderson v. Corall,* 263 U.S. 193, 196, 44 S.Ct. 43, 44, 68 L.Ed. 247 (1923) (violation of parole); *United States v. Liddy,* 510 F.2d 669, 674 (D.C.Cir. 1974), *cert. denied,* 420 U.S. 980, 95 S.Ct. 1408, 43 L.Ed.2d 661 (1975) (time served on an intervening sentence for contempt of court).

■ Where a federal prisoner is in the custody of state authorities under a criminal charge, credit toward the federal sentence will usually not be given for time spent in the state prison where the state and federal offenses are unrelated. *See, e. g., United States v. Williams,* 487 F.2d 215 (5th Cir. 1973), *cert. denied,* 416 U.S. 942, 94 S.Ct. 1949, 40 L.Ed.2d 294 (1974); *Bruss v. Harris,* 479 F.2d 392 (10th Cir. 1973); 18 U.S.C. § 3568 (1976). Thus under the general rule that escape tolls the running of a sentence, *e. g., Hartwell v. Jackson,* 403 F.Supp. 1229, 1230 (D.C.1975), *aff'd mem.,* 546 F.2d 1042 (D.C.Cir.1976), it is clear that appellant is not entitled to credit on his District of Columbia sentence for his period of incarceration in Maryland and that a recomputation of the parole eligibility and expiration dates of his federal sentence was appropriate.

■ The due process issue concerns the proper method for making such a recomputation. The computation of time served in custody on a sentence is a function of the prison authorities in the first instance. It has been the long standing practice in such escape cases that the prison authorities, without a formal procedure before the sentencing court, simply give no credit for the period the prisoner absented himself from the service of his sentence in the custody of the Attorney General. *Cf. United States v. Liddy, supra,* at 684 n.10 (MacKinnon, J., dissenting). Appellant argues, however, that this process is unconstitutional under *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2693, 41 L.Ed.2d 935 (1974). In *Wolff* the Court held that prisoners were entitled to certain minimum due process protections, including a hearing, when prison officials proposed to revoke good time credits for alleged misconduct. Appellant seeks to analogize his new parole eligibility date (and the new date for the expiration of his sentence) to a forfeiture of good time credits, since both affect the term of confinement. He argues that his liberty interest is as weighty as that of the plaintiff-prisoners in *Wolff.*

Some lower courts have assumed that *Wolff* encompasses proposed forfeitures of good time based on a prisoner's escape. *See Evans v. Wilkerson*, 605 F.2d 369 (7th Cir. 1979) (due process not violated where forfeiture of good time imposed in an *in absentia* hearing immediately upon inmate's escape, so long as hearing at which inmate is present is held within reasonable time after return to custody); *Gregory v. Wyse*, 512 F.2d 378 (10th Cir. 1975) (noting that *Wolff*, inapplicable in this case because applied prospectively only, would have been violated by the actions of prison officials following prisoner's return to custody after escape). In addition, where a returned escapee was placed in punitive segregation, it has been held that *Wolff* requires a hearing within a reasonable time. *See Rompilla v. Nero*, 448 F.Supp. 182 (E.D.Pa.1978).

Appellant's claim, however, is neither that he was deprived of good time nor that he was punished on his return to Lorton. Rather his claim is only that his sentence was extended to reflect the number of days his conduct caused him to be absent from the custody of the Attorney General, and there is no claim of administrative error in the recomputation. On similar facts, in a decision which predates *Wolff*, the Fifth Circuit summarily rejected a challenge to the extension by the Bureau of Prisons of a prisoner's sentence, holding that the notation by prison officials that service of the sentence was inoperative during the period of escape was a mere clerical entry on the length of actual service. *See Theriault v. Peek*, 406 F.2d 117 (5th Cir. 1968), *cert. denied*, 394 U.S. 1021, 89 S.Ct. 1644, 23 L.Ed.2d 47 (1969). This procedure is similar to prison officials determining the date service of a sentence begins by noting the date of a prisoner's arrival at the penitentiary.

Appellant cites some state authority which does support his position that even absent any allegation of error, *Wolff* requires a hearing before redetermination of an escaped prisoner's sentence. *See Carter v. Commonwealth*, 43 Pa.Cmwlth. 416, 402 A.2d 711 (1979); *Robinson v. Commonwealth*, 32 Pa.Cmwlth. 77, 377 A.2d 1277 (1977). There is good reason, however, for rejecting this position and for distinguishing the forfeitures of good time dealt with in *Wolff* from the extension of sentence at issue here. While both affect the length of confinement, the former is a punitive measure based on a finding of culpability, while the latter is a simple matter of counting the number of days a prisoner was absent from the custody to which his sentence committed him. While an inmate's absence may not conclusively establish an "escape" in terms of culpability, *see Downes v. Norton*, 360 F.Supp. 1151, 1154 (D.Conn.1973), it does establish an interruption in service of sentence, which in turn requires an adjustment to reflect the period he was absent. Even were this court to hold that a hearing is required where an inmate alleges error in the recomputation or disputes the fact of his absence, where as here no such claims are made and the fact of the inmate's absence and its duration (1832 days) is established by the record, ordering the holding of a hearing would be a futile exercise. Because appellant has thus failed to raise a meritorious issue on appeal, his motion to appoint counsel is obviously without merit. The motion is accordingly denied and the appeal is dismissed *sua sponte*.[2]

*Judgment accordingly.*

---

**2.** Luck is lucky that he was not prosecuted and sentenced to additional imprisonment for his escape.