Jacob D. Mickens, Petitioner *v.* Glen Jeffes, Warden, Mr. Rusnak, Records Officer at the State Correctional Institution at Dallas, Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondents.

Submitted on briefs September 27, 1982, to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Bruce S. Miller,* for petitioner.

*Jerome T. Foerster,* Deputy Attorney General, with him *Francis R. Filipi,* Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for respondents.

OPINION BY JUDGE BLATT, January 7, 1983:

Jacob Mickens (prisoner) petitions this Court to review the recomputation of his sentence, which was made after his escape from the State Correctional Institution at Dallas (SCI-Dallas), his arrest as a fugitive in New Jersey, and his return to the aforesaid institution to serve the remainder of his term. His petition for review names the Pennsylvania Board

of Probation and Parole (Board) as a respondent, and the Attorney General has filed preliminary objections, one being that no cause of action has been stated against the Board.

The Board clearly is an independent body created to administer the probation and parole laws of this Commonwealth. Section 2 of the Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. §331.2. The prisoner contends, however, that a principal-agency relationship exists between the Board and the other named respondents who are the warden and the Records Officer at SCI-Dallas. We note initially that the prisoner's sentence was recomputed by the Records Officer at SCI-Dallas, an employee under the supervision of the Department of Justice, Bureau of Corrections, not an employee of the Board. *See Carter v. Department of Justice*, 43 Pa. Commonwealth Ct. 416, 402 A.2d 711 (1979); *Robinson v. Department of Justice*, 37 Pa. Commonwealth Ct. 500, 391 A.2d 33 (1978); *Beckett v. Bureau of Corrections*, 64 Pa. Commonwealth Ct. 157, 440 A.2d 649 (1982). Finding no involvement by the Board in this matter, therefore, we do not believe it is a proper party, and we must, therefore sustain this objection.

We must also raise *sua sponte* the issue of our jurisdiction in this matter.

Section 761 of the Judicial Code, 42 Pa. C. S. §761, confers upon this Court jurisdiction over actions "[a]gainst the Commonwealth government, *including any officer thereof*." (Emphasis added.) As defined in *Opie v. Glasgow, Inc.*, 30 Pa. Commonwealth Ct. 555, 559, 375 A.2d 396, 398 (1977), the term "officer," for jurisdictional purposes, includes "only those persons who perform state-wide policymaking functions and who are charged with the responsibility for independent initiation of administrative policy

regarding some sovereign function of state government." Though Messrs. Jeffes and Rusnak, the other respondents herein, are admittedly state employees who perform policymaking functions, those functions, confined geographically as they are, are not statewide in character.

We conclude, therefore, that this Court lacks jurisdiction as to the remaining respondents and that jurisdiction lies in the Court of Common Pleas of Luzerne County, to which this case must be transferred.

### ORDER

·AND Now, this 7th day of January, 1983, it is hereby adjudged that the Pennsylvania Board of Probation and Parole is not a proper party to this proceeding, that the preliminary objection as to the Board is sustained and that the Board is hereby dismissed from this action.

Additionally, the above petition for review is hereby transferred to the Court of Common Pleas of Luzerne County, pursuant to Section 5103(a) of the Judicial Code, 42 Pa. C. S. §5103(a), for further proceedings.

The Chief Clerk shall certify to the prothonotary of said court a photocopy of the docket entries and transmit to him the record there.