UNITED STATES of America, Appellee,

v.

Howard T. WINTER, Appellant.

No. 83–1711.

United States Court of Appeals,
First Circuit.

Argued Feb. 8, 1984.

Decided March 20, 1984.

Thomas Butters, Boston, Mass., with whom Robert W. Walker, Boston, Mass., was on brief, for appellant.

John Voorhees, Atty., Washington, D.C., with whom William F. Weld, U.S. Atty., Boston, Mass., and Kathleen A. Felton, Atty., Crim. Div., Appellate Section, Dept. of Justice, Washington, D.C., were on brief, for appellee.

Before COFFIN and ALDRICH, Circuit Judges, and GIGNOUX,* Senior District Judge.

* Of the District of Maine, sitting by designation.

COFFIN, Circuit Judge.

Appellant Howard Winter was sentenced on August 20, 1979, to a ten-year term in federal prison for racketeering and sports bribery. The federal sentence was scheduled to begin upon his release from a Massachusetts state prison, where he was serving a nine-to-ten-year sentence for an unrelated state crime. Winter appealed the federal sentence, and this court issued a mandate affirming his conviction on December 2, 1981. The essence of Winter's claim on the present appeal is that the state Parole Board unconstitutionally delayed his release from state custody in retaliation for his exercise of his right to appeal the federal sentence. He seeks to have subtracted from his federal sentence, pursuant to 28 U.S.C. § 2255, the six months during which the Board delayed its parole decision because of the pending federal appeal. We affirm the judgment of the district court dismissing Winter's § 2255 motion.

Winter first became eligible for parole from state custody on September 14, 1980; at that time, the Parole Board denied him parole without giving a reason. On July 3, 1981, the Parole Board postponed its parole decision until October 5, 1981, noting that it took this action "to await decision by Federal Court". At its October 5 review, the Parole Board postponed its decision until December 7, 1981, with the caveat, "If Federal case disposed of prior to that, decision can be made at earlier date". On December 14, 1981, twelve days after Winter's federal conviction had been affirmed, the Board granted Winter's parole, noting that he was to be released on January 21, 1982, "to Federal Warrant only".

Shortly after his transfer to federal custody, Winter requested the Bureau of Prisons to credit to his federal sentence the time he spent in state prison between July 3, 1981, when the Parole Board first indicated that it was delaying its parole decision pending resolution of the federal appeal, and January 21, 1982, when it released him into federal custody. The Bureau of Prisons denied his request, and Winter filed in the United States District Court for the District of Massachusetts a § 2255 motion for correction of his sentence. He argued that he remained in state custody from July 1981 to January 1982 "due to the pendency of his federal appeal", and that this time should have been credited to his federal sentence pursuant to 18 U.S.C. § 3568, which provides:

> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.

After a preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the district court dismissed the motion. The court held that Winter "should have exhausted his remedies at the time he was in state custody", and that he had in any event demonstrated no basis "for the claim that [his] state custody could be shown to be in connection with the federal charge". Winter brought this appeal from the district court's dismissal of his § 2255 motion.

Winter acknowledges that no court has applied the "jail credit" provision of 18 U.S.C. § 3568 in circumstances such as those he alleges. In general, a federal prisoner cannot be given credit for time spent in state prison on an unrelated charge. *United States v. Luck*, 664 F.2d 311, 312 (D.C.Cir.1981). Courts have qualified this rule with an exception that applies "if the continued state confinement was exclusively the product of such action by federal law-enforcement officials as to justify treating the state jail as the practical equivalent of a federal one". *Shaw v. Smith*, 680 F.2d 1104, 1106 (5th Cir.1982) (quoting *Ballard v. Blackwell*, 449 F.2d 868, 869 (5th Cir.1971). Thus if a federal detainer were lodged against a prisoner about to be released from state custody, any days that the state held him beyond

what would otherwise have been his release date, to await the arrival of the federal marshal, would be time served "in connection with" his federal offense. *Cf. Brown v. United States*, 489 F.2d 1036 (8th Cir.1974) (holding that a defendant held in state custody without bail solely because a federal detainer has been lodged against him is entitled to "jail credit" under 18 U.S.C. § 3568); *Davis v. Attorney General*, 425 F.2d 238 (5th Cir.1970) (same). In Winter's case, however, the state set the release date, and there is no claim that the federal authorities requested, or received, any postponement. The fact that the state Parole Board may have chosen to await the outcome of the federal appeal does not establish a sufficient connection between the state imprisonment and the federal offense to enlist the remedy of 18 U.S.C. § 3568.

■ In addition to his "jail credit" argument under 18 U.S.C. § 3568, appellant argues to this court that he is entitled to correction of his sentence pursuant to 28 U.S.C. § 2255 because the Massachusetts Parole Board unconstitutionally delayed its parole decision. Appellant concedes the well-established fact that, absent an unusual state statutory provision, he has no constitutional right to parole. *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103, 60 L.Ed.2d 668 (1979). He argues, however, that he has a constitutional right of access to the courts, *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), and that state officials cannot deny him parole in retaliation for his exercise of that right. *See Williams v. Rhoden*, 629 F.2d 1099 (5th Cir.1980); *Johnson v. Wells*, 566 F.2d 1016 (5th Cir. 1978).

■ Whatever the merits of appellant's separate constitutional claim for habeas relief, we note that he did not raise this retaliation claim in his § 2255 motion to the district court[1] and so cannot make the claim on appeal to this court. *See Johnston v. Holiday Inns, Inc.*, 595 F.2d 890 (1st Cir.1979) (observing that "[i]t is by now axiomatic that an issue not presented to the trial court cannot be raised for the first time on appeal"). We note that we agree with the district court's holding that "[i]f the movant believed his parole was unjustly denied, he should have exhausted his remedies at the time he was in state custody". The essence of his claim is that he was unconstitutionally held in state custody between July 3, 1981, and January 21, 1982. When a state prisoner challenges the fact or duration of his confinement, his sole federal remedy is by writ of habeas corpus, "with the concomitant requirement of exhausting state remedies". *Wolff v. McDonnell*, 418 U.S. 539, 554, 94 S.Ct. 2963, 2973, 41 L.Ed.2d 935 (1974); *see also Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Here, Winter did not challenge the delayed parole decision either before the Massachusetts Parole Board or in the Massachusetts courts. Had he done so, he might have obtained an earlier release date, or, conversely, he might have learned that the Parole Board's reason for delaying its decision was not the one he now ascribes to it. We see no reason why a prisoner sentenced to serve consecutive state and federal terms should be allowed to escape the state exhaustion requirement by waiting until he is in federal custody to challenge the constitutionality of his state confinement.

*The judgment of the district court is affirmed.*

---

1. His description of his claim was, "The movant has been denied about 22 months of jail credit time in violation of 18 U.S.C. 3568". His further explanation that he "spent considerably longer in the Massachusetts penal system tha[n] he otherwise would have due to the pendency of his federal appeal" does not suggest the argument made in his brief on appeal that "the Parole Board disciplined Winter for exercising his federal right to appeal".