516 A.2d 114

Larry Howard, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs February 25, 1986, to President Judge CRUMLISH, Judge ROGERS, and Senior Judge KALISH, sitting as a panel of three.

*Robert B. Stewart, III*, Chief Public Defender of Huntingdon County, for petitioner.

*Arthur R. Thomas*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE KALISH, October 17, 1986:

Petitioner, Larry Howard, petitions for review of an administrative order of the Pennsylvania Board of Probation and Parole (Board), which denied him administrative relief from a Board recommitment order. We affirm.

Petitioner was sentenced in the Court of Common Pleas of Philadelphia County to a term of seven and one-half to fifteen years, to commence on May 31, 1972. Following a conviction on an attempted escape charge, petitioner was sentenced in the Court of Common Pleas of Montgomery County to a consecutive term of three to seven years. On November 22, 1978, the Superior Court of Pennsylvania vacated the Philadelphia County sentence, and remanded that case for a new trial. At that time, the Department of Corrections (Department) computed petitioner's Montgomery County sentence to commence on November 22, 1978.

Petitioner was retried and convicted on the Philadelphia County charges. On October 15, 1981, he was sentenced to a term of five to ten years. The Department credited that sentence with time served from May 31, 1972 to November 22, 1978, so that it commenced on April 24, 1975. Subsequently, the Department recomputed the Montgomery County sentence, so that it commenced on August 26, 1975.

Petitioner was paroled on the October, 1981 Philadelphia County sentence on November 12, 1982. On March 6, 1984, petitioner was arrested on a charge of disorderly conduct. He was convicted on that charge on September 14, 1984. The Board charged petitioner with being a convicted parole violator, as a result of his conviction on the disorderly conduct charge. The Board also charged petitioner with being a technical parole violator, for allegedly violating general parole condition 2, which requires that parolees obtain written permission

before changing residence, and condition 3-A, which requires that parolees maintain regular contact with the parole supervision staff. Following a violation and revocation hearing, the Board revoked petitioner's parole, and ordered him recommitted as a technical parole violator to serve eighteen months backtime for violating general parole conditions 2 and 3-A. The Board also ordered him recommitted as a convicted parole violator to serve six months backtime for the new criminal conviction. Petitioner's request for administrative relief was denied.

Petitioner contends that the Board erred in recommitting him as a convicted parole violator. Specifically, petitioner alleges that his October, 1981 sentence was improperly computed, so that he was not on parole when he was arrested on March 6, 1984. Petitioner does not challenge the Board's computation of his service of backtime. Rather, he challenges the Department's computation of the October, 1981 sentence.

The Board had no involvement in the computation of petitioner's sentence. A Records Officer of the Department computed the October, 1981 sentence. Thus, the Board is not a proper party to this action. *See Mickens v. Jeffes*, 71 Pa. Commonwealth Ct. 68, 453 A.2d 1092 (1983). Moreover, petitioner has a petition for a writ of habeas corpus pending before the Court of Common Pleas of Philadelphia County, in which he challenges the Department of Corrections' computation of his sentence. Accordingly, we affirm the Board's denial of petitioner's request for administrative relief.

## ORDER

Now, October 17, 1986, the order of the Pennsylvania Board of Probation and Parole, in Parole No. 7578-G, dated March 26, 1985, is affirmed.