Kenneth **FALAN,** Petitioner–Appellant,

v.

**E.J. GALLEGOS,** Respondent–Appellee.

No. 01–1427.

United States Court of Appeals, Tenth Circuit.

April 18, 2002.

**550**

Before HENRY, BRISCOE, and MURPHY, Circuit Judges.

ORDER AND JUDGMENT *

ROBERT H. HENRY, Circuit Judge.

After examining the petitioner's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a)(2). The case is, therefore, ordered submitted without oral argument.

Kenneth Falan, a federal prisoner proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2241 habeas cor-

pus petition challenging the duration of his current federal imprisonment. He claims that he should be given 193 days' credit toward his federal sentence for time served in state custody after a federal detainer had been filed against him with the New Mexico authorities. He also appeals the denial of his motion for an amended judgment in his § 2241 proceeding and the denial of a rehearing of that motion. Finally, he requests leave to proceed *in forma pauperis* ("IFP") on appeal. Because Mr. Falan's argument is legally frivolous, as discussed below, we deny him leave to proceed IFP on appeal and dismiss his appeal.

## I.  Background

While Mr. Falan was serving his state sentence in New Mexico, the federal government filed a detainer against him for unrelated federal charges. Thus, when the New Mexico authorities released Mr. Falan from state detention, they would notify the United States Marshals Service so it could assume custody of Mr. Falan. In January 1999, while still in state custody, Mr. Falan received a parole hearing. The parole board denied him parole at that time. Mr. Falan was ultimately paroled on July 25, 1999, 193 days after the January parole hearing. Mr. Falan was thereafter convicted of the federal charges, for which he is currently serving a sentence of imprisonment.

In his brief, Mr. Falan suggests that only his "[f]irst choice" parole plan had been rejected based on his history of absconding from probation.[1] He asserts that he had an "alternative plan[ ]" for parole—

---

* This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1.  Mr. Falan also contends that the investigating officer confused the proposed parole sponsor—Stephanie Falan—with his deceased ex-girlfriend, Stephanie Price (who had, on prior occasions, helped Mr. Falan abscond from probation).

wherein he would reside either with his parents or in a local halfway-house—that was denied because of the federal detainer. Aplt's Br. at 2. Based on his belief that he was denied parole on his alternate plan *solely* on the basis of the federal detainer, he contends that he is entitled to 193 days of credit for time he served in New Mexico in state custody.

A January 1999 New Mexico pre-parole investigation report and recommendation which relied upon at Mr. Falan's January 1999 parole hearing states that Mr. Falan had previously violated probation on four occasions. The report also noted the newly-entered federal detainer against Mr. Falan. On the basis of Mr. Falan's history of absconding, the report recommended denying his request for parole. Nothing in the report, however, suggests that the federal detainer had anything to do with the recommended denial of Mr. Falan's proposed parole plan.

## II. Analysis

Mr. Falan requests leave to proceed IFP on appeal pursuant to 28 U.S.C. § 1915(a). In order to succeed on his motion to proceed IFP, Mr. Falan "must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan,* 937 F.2d 502, 505 (10th Cir.1991). As discussed below, Mr. Falan presents no sound legal basis for his appeal. In the absence of any legal reasoning to support his contentions, it is difficult to characterize his petition as anything other than frivolous. For that reason, Mr. Falan's request to proceed IFP is denied.

Mr. Falan's first basis for appeal maintains that he was denied parole in January 1999 because of the recently filed federal detainer. Based on this assertion, Mr.

Falan cites 18 U.S.C. § 3585(b) in support of his argument that he should receive federal credit for the 193 days of time served in state custody after the denial of parole in January 1999. That section reads, in relevant part:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences [ ] as a result of the offense for which the sentence was imposed ... *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).

We review the district court's denial of the § 2241 petition *de novo.* *See Hunnicutt v. Hawk,* 229 F.3d 997, 1000 (10th Cir.2000). Because Mr. Falan is representing himself on appeal, his pleadings are construed liberally. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam).

Calculation of a federal prisoner's sentence and any determination regarding his eligibility for credit prior to custody is governed by 18 U.S.C. § 3585. The Attorney General, through the Bureau of Prisons, makes the sentence calculation and credit determination in accordance with this statute. *See United States v. Wilson,* 503 U.S. 329, 331–33, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). The Attorney General's decision is reviewable via a § 2241 petition. *See Bloomgren v. Belaski,* 948 F.2d 688 (10th Cir.1991).

At its core, Mr. Falan's argument is that § 3585 entitles him to 193 days' credit because the time he served in New Mexico state custody after the January 1999 parole hearing accrued solely because of the federal detainer. There is no evidence to support this assertion. Indeed, the plain language of the pre-parole investigation report and recommendation suggests that

New Mexico denied parole based on his history of absconding from supervised release. There is no indication that the federal detainer had any impact on the parole decision, and Mr. Falan provides no evidence supporting his theory relating to the denial of his "alternate" parole proposal. Additionally, while Mr. Falan asserts that the pre-parole report incorrectly confused his wife with an ex-girlfriend as an inappropriate parole sponsor, the report's reliance on his history of violating probation is sufficient to support the denial of both his primary and alternate proposals.

Under the relevant terms of 18 U.S.C. § 3585(b), Mr. Falan can be given credit for the 193 days served in state custody only if (1) that custody was a result of the federal offense he was later convicted of and (2) that time was not credited against another sentence. Here, Mr. Falan's petition fails both requirements. *See United States v. Wilson,* 503 U.S. 329, 332–33, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) (interpreting § 3585(b)). To begin with, as already discussed, the pre-parole report shows that the denial of parole was based on his history of absconding and not on the federal detainer. The 193 days served simply cannot be said to have arisen "as a result of the [federal] offense." 18 U.S.C. § 3585(b)(1). Further, since that time was presumably credited against his state sentence, it cannot qualify under the plain language of 18 U.S.C. § 3585(b). *See Wilson,* 503 U.S. at 333 (suggesting that "the final clause of § 3585(b) allows a defendant to receive credit only for detention time 'that has not been credited against another sentence.' "). Thus, Mr. Falan's claim is without legal merit.

Mr. Falan suggests that *Bloomgren* supports his argument. *Bloomgren,* however, concerns a situation quite different from the present one. In that case, we ruled that a federal prisoner must be given credit for time he was held without bond in state custody based solely on the presence of a federal detainer against him. *Bloomgren,* 948 F.2d at 690. In such a situation, the state jail is " 'the practical equivalent of a federal one.' " *Id.* (quoting *United States v. Winter,* 730 F.2d 825, 826–27 (1st Cir.1984)). If the present case showed that Mr. Falan was being kept in state custody solely pursuant to the federal detainer and that he was not serving the time in connection with another sentence, then *Bloomgren* would support his argument. As neither condition is satisfied in the present case, Falan's argument is frivolous.

Mr. Falan also presents two more bases for his appeal, both relating to the district court's July 6, 2001 order denying his § 2241 petition. In response to the district court's decision, Mr. Falan filed a motion to alter or amend the judgment—ostensibly under Rule 59(e) of the Federal Rules of Civil Procedure—on July 23, 2001 ("the July 23rd motion").[2] According to Fed.R.Civ.P. 6, however, this motion for reconsideration was filed more than 10 days after the July 6 order. Since Rule 59(e) motions must be filed no more than 10 days after the entry of the judgment, the district court deemed Mr. Falan's motion as filed under Rule 60(b) and subsequently denied Mr. Falan's motion. Mr. Falan then filed a motion ("the August 14th motion") to reconsider the denial of the July 23rd motion, and the district court denied this motion in a minute order. Mr. Falan now appeals the district court's de-

---

**2.** We note that the motion was dated July 24, 2001 and was filed with the court clerk's office on July 26, 2001. The certificate of service attached to the motion is dated July 23, 2001, however. We are willing to assume, for purposes of examining Mr. Falan's strongest argument, that the motion was filed on the earliest of these dates—July 23, 2001.

nial of the July 23rd motion, arguing that it should have been treated as a Rule 59(e) motion rather than a Rule 60(b) motion. He also appeals the district court's subsequent denial of the August 14th motion.

We review the denial of a Rule 60(b) motion for abuse of discretion. *See White v. American Airlines, Inc.*, 915 F.2d 1414, 1425 (10th Cir.1990). Mr. Falan argues that he should have received an extra three days under Rule 6(e) to respond to the district court's July 6 order. We have noted, however, that Rule 6(e) is inapplicable to Rule 59 motions. *See Parker v. Board of Public Utils. of Kansas City, Kan.*, 77 F.3d 1289, 1291 (10th Cir.1996). Hence, the July 23rd motion was not timely under Rule 59, and the district court properly deemed it a Rule 60(b) motion. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991). Because the district court properly deemed the July 23rd motion a Rule 60(b) motion, and because Mr. Falan provides no other basis for challenging the result of the district court's determination on the motion, his appeal of the district court's decision has no merit. Similarly, his appeal of the August 14th motion is without merit.

This panel must dismiss a habeas petition that is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). In determining whether a petition is frivolous, this court has stated that dismissal under "Section [1915(e) ] ... is appropriate for a 'claim based on an indisputably meritless legal theory.'" *Fratus v. DeLand*, 49 F.3d 673, 674 (10th Cir.1995) (discussing § 1915(d), which was re-codified as § 1915(e) in 1996 by the Prison Litigation Reform Act of 1995, Pub.L. No. 104–134, § 804, 110 Stat. 1321 (1996)). As discussed above, each of Mr. Falan's three bases for appeal are without any legal merit. Hence, his appeal must be dismissed.

### III. Conclusion

Based on the foregoing reasoning, we DENY Mr. Falan's request to proceed IFP and DISMISS his appeal.