IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Paladino,                              :
                    Appellant                  :
                                               :
            v.                                 :
                                               :   No. 947 C.D. 2016
M. Engelbrocht and Tammy Ferguson    :   Submitted: December 2, 2016


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE JULIA K. HEARTHWAY, Judge
          HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE                      FILED:  April 13, 2017


            Charles Paladino (Appellant) appeals, *pro se,* from an Order of the
Court of Common Pleas of Centre County (trial court), dismissing his Civil
Complaint as frivolous pursuant to Pa.R.C.P. No. 240(j)(1).

            Appellant is presently incarcerated at the State Correctional Institution
at Benner (SCI-Benner).  He filed a civil action with the trial court alleging two
employees of the Department of Corrections (Department), M. Engelbrocht and
Tammy Ferguson (Appellees), while acting in their official capacity, took actions
against Appellant that constituted assault and negligence.

            On March 30, 2016, the trial court dismissed Appellant's Complaint
and Petition for Leave to Proceed *in Forma Pauperis* (IFP).  Appellant thereafter
appealed the dismissal to the Superior Court, which transferred the matter to this

Court, given our jurisdiction over civil actions and proceedings against Commonwealth defendants, pursuant to Section 762 of the Judicial Code.[1]

As set forth in Appellant's brief, three issues are raised with this Court on appeal:[2]

(1) "In the case now at bar of Commonwealth Court, did and does the Commonwealth Court have exclusive and original jurisdiction?

(2) Did the [trial court] deny/dismiss improperly without allowing plaintiff opportunity to amend?

(3) Did the [trial court] err as a matter and fact of law and violate the separation of powers doctrine, judicial code, ruling on the law without jurisdiction, as it wishes the law would say rather than in the form prescribed by the legislature as enacted?"

## DISCUSSION

---

[1] § 762. Appeals from courts of common pleas

**(a) General rule.**—Except as provided in subsection (b), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:

(1) Commonwealth civil cases.--All civil actions or proceedings…

(ii) By the Commonwealth government, including any officer thereof acting in his official capacity.
….

42 Pa.C.S. § 762.

[2] Appellate review of a decision dismissing an action pursuant to Pa.R.C.P. No. 240(j) is limited to a determination of whether an appellant's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law. *Bell v. Mayview State Hospital,* 853 A.2d 1058, 1060 (Pa. Super. 2004).

2

Appellant first argues the Commonwealth Court has exclusive jurisdiction over this matter and the trial court should have transferred the action to this Court as it was erroneously filed with the trial court.

Section 761 of the Judicial Code gives this Court jurisdiction over actions against "the Commonwealth government, including any officer thereof, acting in his official capacity." The term "officer" was defined, for jurisdictional purposes, in *Opie v. Glascow, Inc.*, 375 A.2d 396, 398 (Pa. Cmwlth. 1977), to include "only those persons who perform state-wide policymaking functions and who are charged with the responsibility for independent initiation of administrative policy regarding some sovereign function of state government."

In its opinion filed pursuant to Pa.R.A.P. 1925, the trial court asserted jurisdiction was proper based on *Mickens v. Jeffes*, 453 A.2d 1092 (Pa. Cmwlth. 1983), because Appellees are employees of the Commonwealth who do not perform state-wide policymaking functions.

In *Mickens*, a prisoner petitioned this Court to review the recalculation of his sentence after he escaped from a correctional institution. The prisoner named the warden and the records officer of the correctional institution as defendants in his suit. This Court determined that the defendants were state employees who perform policymaking functions; however, those functions were confined geographically and were not state-wide in character. *Mickens,* 453 A.2d at 1093. Therefore, this Court lacked jurisdiction and proper jurisdiction was with the court of common pleas. *Id.*

Named as defendants in Appellant's Complaint are the Superintendent of SCI-Benner and a correctional officer. Appellant has cited no facts or circumstances to support a finding that Appellees perform any state-wide

3

policymaking functions as part of their employment duties. Rather, he argues Appellees are only "qualifiedly immune" and the case is "still ripe for litigation in the Commonwealth Court." (Appellant's Brief at 8.) We therefore conclude the trial court did not err in finding the Appellees do not perform any state-wide policymaking functions and jurisdiction properly lay with the trial court.

Next, Appellant argues the trial court improperly denied or dismissed the complaint without providing Appellant an opportunity to amend and without providing notice or a hearing. He argues the court has no authority to dismiss a complaint as frivolous without affording the Appellant the opportunity to be heard.

Relying on the procedures set forth in Pa.R.C.P. No. 240(j)(1), the trial court found Appellant's Complaint frivolous and without merit, as it put forth claims of intentional torts and negligence, both of which fail for immunity reasons. Rule 240(j)(1) provides:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. No. 240(j)(1).

Rule 240(j)(1) does not require the party requesting IFP be provided notice and an opportunity to be heard prior to dismissal of the action upon a finding by the court that the action, proceeding, or appeal is frivolous. Appellant cites *Boyle v. O'Bannon,* 458 A.2d 183 (Pa. 1963) as supportive of his argument that the complaint could not be dismissed without providing him the opportunity to be heard. The facts in *Boyle* are not similar, however. The complaint in *Boyle* was

4

dismissed one day after filing and had not been served on the defendant. *Boyle* did not turn on dismissal of the complaint under application of Rule 240. Indeed, *Boyle* was decided eight years before Rule 240 was amended to allow for dismissal of an IFP petition where the underlying action is determined to be frivolous.

Given the lack of any requirement that the trial court provide Appellant notice and an opportunity to be heard prior to dismissal of his complaint as frivolous under Rule 240(j)(1), the trial court cannot be said to have erred in failing to provide such notice and opportunity.

Finally, Appellant argues that the trial court "erred as a matter of law and fact" and violated the separation of powers doctrine and Section 5103[3] of the Judicial Code because it ruled on the law without having jurisdiction. While the question as drafted invokes a violation of separation of powers, Appellant does not further develop this argument. Arguments not properly developed in a brief will be deemed waived. *Rapid Pallet v. Unemployment Compensation Board of Review,* 707 A.2d 636, 638 (Pa. Cmwlth. 1998).

As to the remainder of Appellant's third argument, he contends the courts of common pleas and judges do not have the power to make, amend, revise or rule on cases where the legislature has enacted legislation conveying exclusive,

---

[3] § 5103. Transfer of erroneously filed matters

(a) General rule.--If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth….

42 Pa.C.S. § 5103(a).

5

original jurisdiction to the Commonwealth Court. The trial court, Appellant argues, should have transferred his case to Commonwealth Court rather than dismiss it. While the Court of Common Pleas of Dauphin County previously heard claims against the Commonwealth, "changes in the Judicial Court [sic]… now impose exclusive original jurisdiction in the Commonwealth Court for claims against the Commonwealth." (Appellant's Brief at 8b.)[4] Pursuant to Section 5103 of the Judicial Code, the trial court was required to transfer the case to this Court rather than dismiss it.

While Appellant is correct that a court must transfer, rather than dismiss, a case filed erroneously, this duty is predicated upon the matter having been filed with a court that does not have jurisdiction over the matter. As already discussed herein, the trial court had proper jurisdiction over Appellant's Complaint. We can find no error with the trial court having exercised that jurisdiction. It would have, in fact, been error for the trial court to transfer the matter to this Court.

For the reasons set forth above, the order of the trial court dated March 30, 2016 is affirmed.

_____
JOSEPH M. COSGROVE, Judge

---

[4] Citations to Appellant's brief are consistent with the pagination in the brief, which does not conform to the requirements of Pa.R.A.P. 2173.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Paladino,                         :
                Appellant                :
                                 :
           v.                              :
                                 :
M. Engelbrocht and Tammy Ferguson   :   No. 947 C.D. 2016
                                 :

## O R D E R

AND NOW, this 13th day of April, 2017, the order of the Court of Common Pleas of Centre County dated March 30, 2016 is affirmed.

 

 

_____
JOSEPH M. COSGROVE, Judge