DLD-004                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2959
_____

MARK A. NIXON,
                              Appellant

v.

SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
JOHN KERESTES, Superintendent of S.C.I. Mahanoy;
MIKULSKI, Grievance Coordinator; NEVIS, Business Manager;
TRACEY BROKENSHIRE, Mail Room Supervisor;
B. RALSTON, Mail Room Inspector

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1:12-cv-01154
District Judge:  Honorable Christopher C. Conner

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 4, 2012

Before:  AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: October 12, 2012)

_____

OPINION
_____

PER CURIAM

Mark Nixon, an inmate incarcerated at SCI Mahanoy in Frackville, Pennsylvania and proceeding pro se, appeals from an order of the United States District Court for the Middle District of Pennsylvania dismissing his civil rights action brought pursuant to 42 U.S.C. § 1983. Because this appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

Because we primarily write for the parties, we need only recite the facts necessary for our discussion. In submissions to the District Court, Nixon alleges that on February 17, 2012, he received an "unacceptable correspondence" form from the mail room at SCI Mahanoy, notifying him that incoming mail sent to him had been confiscated because inmates could not receive copies of Facebook pages. Nixon timely filed an administrative grievance and asserts that the mail confiscation policy provides that "all mail and property that is the subject of a grievance should be held until the exhaustion of grievance or the time has expired to exhaust grievance." (Nixon v. Wetzel, M.D. Pa. Civ. No. 1:12-cv-01154, Docket # 1 at 3.) According to Nixon, the piece of mail at issue was destroyed prior to completion of administrative review.

On June 18, 2012, Nixon filed this civil rights action in the District Court and was granted permission to proceed in forma pauperis. On July 3, 2012, the District Court entered a Memorandum and Order dismissing Nixon's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Nixon then timely filed this appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229

2

F.3d 220, 223 (3d Cir. 2000). The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). See id. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This Court affirms a district court's dismissal for failure to state a claim "only if, accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief under any reasonable reading of the complaint." McGovern v. City of Philadelphia, 554 F.3d 114, 115 (3d Cir. 2009). We may affirm the District Court on any basis supported by the record. Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011) (citations omitted).

The District Court properly dismissed Nixon's complaint.[1] "[P]risoners, by virtue of their incarceration, 'do not forfeit their First Amendment right to use of the mails.'" Jones v. Brown, 461 F.3d 353, 358 (3d Cir. 2006) (quoting Bieregu v. Reno, 59 F.3d 1445, 1452 (3d Cir. 1995)). However, inmates' right to receive and send mail can be

---

[1] The District Court did not provide Nixon leave to amend his complaint because "[g]iven the facts alleged by plaintiff, allowing him to amend would be futile." (Nixon v. Wetzel, M.D. Pa. Civ No. 1:12-cv-01154, Docket # 9 at 6); see Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002) (noting that courts should not dismiss pro se complaints without granting leave to amend unless "amendment would be inequitable or futile"). We conclude that the District Court did not err in declining to allow Nixon an opportunity to amend his complaint because, as discussed below, Nixon's underlying claim lacks merit.

restricted for legitimate penological interests. See Thornburgh v. Abbott, 490 U.S. 401, 407 (1989); Turner v. Safley, 481 U.S. 78, 89 (1987). Here, the District Court correctly determined that Nixon's claim alleging a single, isolated interference with his personal mail was insufficient to constitute a First Amendment violation.[2] See Bieregu, 59 F.3d at 1452, abrogated on other grounds by Lewis v. Casey, 518 U.S. 343 (1996) ("We decline to hold that a single instance of damaged mail rises to the level of constitutionally impermissible censorship."); see also Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) ("[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation."); Washington v. James, 782 F.2d 1134, 1139 (2d Cir. 1986) (a single isolated incident of interference with an inmate's mail is insufficient to state a claim under § 1983).

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court. See 3d Cir. L.A.R 27.4; I.O.P. 10.6. Nixon's motion for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993).

---

[2] In his argument supporting his appeal, Nixon claims that he was deprived of access to the courts because he suffered an "actual injury" when the piece of mail was destroyed before his administrative remedies were exhausted. However, such a claim must relate to either a direct or collateral challenge to the prisoner's sentence or conditions of confinement. Lewis v. Casey, 518 U.S. 343, 355 (1996) ("Impairment of any *other* litigating capacity is simply one of the incidental . . . consequences of conviction and incarceration."). Here, Nixon's claim does not even relate to his ability to access the courts to challenge his sentence or conditions of confinement; instead, he challenges his inability to receive copies of another individual's Facebook page in the mail. Therefore, his reliance on Lewis is misplaced.