# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dwayne Hill and Donna Hill, :
                           Petitioners :
                                            :
            v. : No. 684 M.D. 2018
                                            : Submitted: June 7, 2019
Commonwealth of Pennsylvania :
Governor and the Pennsylvania Dept. :
of Corrections, Secretary, :
                         Respondents :

BEFORE: HONORABLE ROBERT SIMPSON, Judge[1]
                   HONORABLE ANNE E. COVEY, Judge
                   HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**             **FILED:**     **September 12, 2019**

Before this Court in our original jurisdiction are preliminary objections in the nature of a demurrer of the Department of Corrections (DOC) to the petition for review filed by Donna Hill (Wife), the spouse of Dwayne Hill (Inmate).[2] Wife, representing herself, challenges DOC's new inmate mailing policy (Mailing Policy).

---

[1] This matter was assigned to this panel before September 1, 2019, when Judge Simpson assumed the status of senior judge.

[2] Initially, Wife and Inmate commenced this action together by filing a petition for review. Although we granted Petitioners' *in forma pauperis* (IFP) application in November 2018, subsequently, we granted DOC's motion to revoke Inmate's IFP status under Section 6602(f) of the Prison Litigation Reform Act, 42 Pa. C.S. §6602(f), based on his history as an abusive litigator. As a result, we ordered Inmate to pay the filing fee or face dismissal. Because Inmate failed to pay the filing fee within the requisite period, we dismissed Inmate as a party in March 2019. <u>See</u> <u>Brown v. Dep't of Corr.</u>, 58 A.3d 118 (Pa. Cmwlth. 2012) (dismissing inmate's complaint for failure to pay filing fee after IFP revocation). Wife appealed this order to our Supreme Court, which denied review. As a result, only Wife proceeds as a petitioner.

DOC objects to our jurisdiction, and it asserts Wife's petition should be dismissed for failure to state a claim. DOC also asserts its Mailing Policy is constitutional. For the reasons that follow, we overrule DOC's preliminary objection to our jurisdiction, sustain its demurrer without prejudice, and we grant Wife leave to amend her petition.

## I. Background

Inmate is incarcerated at State Correctional Institution (SCI)-Benner. After numerous instances of staff and inmate exposure to suspicious substances, including, opioids and synthetic cannabinoids, DOC issued a system-wide lockdown on August 29, 2018. Immediately following this lockdown, DOC implemented the Mailing Policy to eliminate the introduction of drugs through the correctional facility mailing system. Under the Mailing Policy, *non-legal* mail is sent to a third-party central processing facility (Processing Facility) in St. Petersburg, Florida, where it is scanned and forwarded to the inmate's SCI. However, *legal* mail is opened and inspected in the inmate's presence, a process which is captured on videotape. Inmates receive copies of their mail, and originals are retained for a period of time after which they are destroyed. Inmates may request original copies of legal mail pursuant to the Mailing Policy.

In October 2018, Wife[3] filed her petition with this Court seeking to enjoin DOC from further implementation of its Mailing Policy. She also challenges the validity of the Mailing Policy itself, arguing DOC has improperly destroyed, delayed, confiscated and recorded all mail. Wife maintains Inmate is currently being

---

[3] Because Wife remains the sole petitioner, the procedural history reflects Wife's advancement with the case.

deprived of both originals and copies of her mailed correspondence. She alleges that although she and Inmate correspond regularly, Inmate has not received non-legal mail from her since September 8, 2018. Wife claims she sent mail to both Processing Facility and SCI-Benner, but it "just disappears." Pet. for Review, ¶11.

DOC filed preliminary objections, asking this Court to dismiss the petition. DOC maintains this Court lacks jurisdiction over the present matter. Additionally, DOC avers Wife has not stated a claim for relief because she does not have a cognizable interest in original pieces of mail and because she has not established irreparable harm as a result of the Mailing Policy. Lastly, DOC argues its Mailing Policy is constitutional because it reasonably relates to a legitimate penological interest of preventing drug entry into SCIs.

In response, Wife relies on Procunier v. Martinez, 416 U.S. 396 (1974), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401 (1989), which recognized prisoners and non-prisoners have a constitutional right to communicate by mail under the First Amendment of the U.S. Constitution. Wife proceeds with her claims as a non-prisoner.[4]

## II. Discussion

In reviewing preliminary objections, we must accept as true all well-pled allegations of material facts, as well as all inferences reasonably deducible from those facts. Key v. Dep't of Corr., 185 A.3d 421 (Pa. Cmwlth. 2018). However, this Court

---

[4] DOC does not challenge Wife's standing; therefore, the issue is not before us. See Rendell v. State Ethics Comm'n, 983 A.2d 708, 717 (Pa. 2009) ("the matter of standing is not available to be raised by a court *sua sponte*").

is not required to accept as true any unwarranted factual inferences, conclusions of law, or expressions of opinion. Id. Only where the pleading is "facially devoid of merit," should the demurrer be sustained. Wurth by Wurth v. City of Phila., 584 A.2d 403, 406 (Pa. Cmwlth. 1990) (en banc) (citation omitted). It must be clear the law will not permit recovery, and any doubt must be resolved in favor of the non-moving party. Key.

## A. Jurisdiction

We first consider the jurisdictional issue. Relying on Ricketts v. Central Office Review Committee, 557 A.2d 1180 (Pa. Cmwlth. 1989), and Bronson v. Central Office Review Committee, 721 A.2d 357 (Pa. 1998), DOC avers correctional facilities are operated within the province of the legislative and executive branches. DOC's reliance on these cases is misplaced.

First, they arose in our appellate capacity. This Court lacked *appellate* jurisdiction in Ricketts and Bronson because a decision from an intra-prison disciplinary tribunal does not constitute a final adjudication by an agency. In contrast, in Bronson, the Supreme Court recognized this Court's *original* jurisdiction may be invoked where a petitioner can identify a violation of constitutional rights by DOC. The current case is brought in our circumscribed original jurisdiction.

Second, Wife is not an inmate seeking review of a grievance decision. Instead, as a non-prisoner, she challenges the validity of DOC's Mailing Policy, arguing Inmate has not received correspondence from her. This Court has long interpreted the First Amendment to include a general right to communicate by mail.

4

Bussinger v. Dep't of Corr., 29 A.3d 79 (Pa. Cmwlth. 2011). Relevant here, the U.S. Supreme Court recognized this right exists for prisoners *and* non-prisoners. Thornburgh, 490 U.S. at 407 ("prison walls … do not bar <u>free citizens</u> from exercising their own constitutional rights by reaching out to those on the 'inside'") (emphasis added) (citation omitted). This right to communicate via mail is "not accomplished by the act of writing words on paper. Rather, it is effected <u>only when the letter is read by the addressee</u>." Procunier, 416 U.S. at 408 (emphasis added). In Procunier, the U.S. Supreme Court specifically recognized the effect of prison regulations on an inmate's spouse.

By claiming Inmate is not receiving her mailed correspondence, Wife identifies her own constitutional right and its purported infringement by DOC. <u>See</u> <u>Thornburgh</u>; <u>Procunier</u>; <u>see also</u> <u>Bronson</u>, 721 A.2d at 359 (reasoning "Prison inmates do not enjoy the same level of constitutional protections afforded to non-incarcerated citizens."). As this Court could exercise original jurisdiction over such claims, we overrule DOC's preliminary objection to our jurisdiction.[5]

**B. Legal Insufficiency**

Next, we consider DOC's demurrer. DOC argues Wife fails to state a claim for relief, asserting she does not possess a right to access originals of her

---

[5] Moreover, Wife does not have access to an adequate statutory remedy and review process. <u>See</u> <u>Concerned Citizens of Chestnuthill Twp. v. Dep't of Envtl. Res.</u>, 632 A.2d 1, 2-3 (Pa. Cmwlth. 1993) (holding this Court shall refrain from exercising original jurisdiction "to review an allegedly invalid regulation when there exists an *adequate* statutory remedy and review process"). Although Inmate utilized DOC's grievance process to request original copies of his mail, Inmate is no longer a party to this action. <u>See</u> Pet'r's Br., Ex. 1. We also reject DOC's argument that Wife failed to exhaust all administrative remedies. As a non-prisoner, Wife did not have access to DOC's grievance procedure, and DOC identifies no other administrative remedies purportedly available to Wife.

5

mailed correspondence, and she does not allege irreparable harm as a result of the Mailing Policy.

Although she sends mail to both SCI-Benner and Processing Facility, Wife claims it "just disappears." Pet. for Review, ¶11. Wife avers her correspondence to Inmate has been improperly delayed, confiscated, recorded, and destroyed, and she is left with "no adequate remedy at law." Id., ¶12.

We recognize the assertions raised by an uncounseled complainant are "held to a less stringent standard than that applied to pleadings filed by attorneys." Dep't of Corr. v. Tate, 133 A.3d 350, 354 n.8 (Pa. Cmwlth. 2016) (citation omitted). Thus, we overrule preliminary objections "[i]f a fair reading of the complaint shows that the complainant has pleaded facts that may entitle [her] to relief." Id.

Here, Wife does not use the words "constitutional violation" in her uncounseled pleading. However, she avers Inmate has not received her regular correspondence under the Mailing Policy. This sufficiently identifies her right to correspond with Inmate by mail. See Sharma v. Bureau of Prof'l & Occupational Affairs, State Registration Bd. of Prof'l Engineers, Land Surveyors & Geologists (Pa. Cmwlth., No. 566 C.D. 2012, filed June 4, 2013), 2013 WL 3156603 (unreported) (using magic words not needed to allow court to construe petitioner's argument).[6]

---

[6] This case is cited for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

Nonetheless, in its brief, DOC relies entirely on authority that pertains to inmate rights in the context of a prison setting, without recognizing Wife's allegation that the Mailing Policy infringes on her rights as a non-prisoner. Indeed, DOC fails to acknowledge Inmate's dismissal from the case.

DOC primarily relies on Turner v. Safely, 492 U.S. 78 (1987), which analyzed "when a prison regulation impinges on *inmates*' constitutional rights …." Id. at 89 (emphasis added). However, DOC cites no authority applying Turner to a *non-prisoner's* constitutional rights. Regardless, at this preliminary stage, the constitutionality of the Mailing Policy is not before us. We confine our decision to whether Wife alleged sufficient facts to state a claim that the Mailing Policy impinges her right to correspond by mail.

To assert a constitutional violation of the First Amendment right to correspond by mail, a petitioner must allege a "pattern and practice" of mail interference or actual injury.[7] Jones v. Doe, 126 A.3d 406, 409 (Pa. Cmwlth. 2015). The United States Court of Appeals for the Third Circuit[8] has held that a "single, isolated interference with [an inmate's] personal mail was insufficient to constitute

---

[7] Many federal cases that considered the existence of an actual injury or pattern and practice of mail interference involved instances where an inmate's *legal* mail was opened outside his presence, also implicating their constitutional right to access the courts. See, e.g., Jones v. Brown, 461 F.3d 353 (3d Cir. 2006). Also, the United States District Court for the Middle District of Pennsylvania recognized that although the "distinction between legal mail and personal mail is important in other contexts," the distinction was immaterial in a matter concerning "the alleged alteration of [inmate's] outgoing personal mail." Barrett v. C.O. Matters (M.D. Pa., No. 1:14-CV-1250, filed Sept. 30, 2015), slip op. at __, 2015 WL 5881602, at *2 (emphasis added).

[8] This Court is not bound to follow decisions of the Third Circuit on issues of federal law, but we find their decisions instructive here. See Jones v. Doe, 126 A.3d 406 (Pa. Cmwlth. 2015).

a First Amendment violation." Nixon v. Sec'y Pa. Dep't of Corr., 501 F. App'x 176, 178 (3d Cir. 2012). The Court declined to establish a minimum number of mail interferences that would rise to a constitutional violation, but rather found actual injury is a factual inquiry to be determined on a case-by-case basis. See Bieregu v. Reno, 59 F.3d 1445 (3d Cir. 1995), overruled on other grounds by Lewis v. Casey, 518 U.S. 343 (1996) (involving access to legal mail).

Here, Wife claims she and Inmate "correspond regularly," but Inmate has not received mail from her "since September 8, 2018." Pet. for Review, ¶10. Wife alludes to a pattern and practice of mail interference, but does not specify the dates of her mailed correspondence or the number of alleged interferences in the petition. As a result, her petition for review lacks sufficient facts that, if true, reflect a pattern and practice of mail interference, or show an actual injury.

Nevertheless, we cannot state with certainty that there is no potential merit in Wife's constitutional challenge. Key. Wife raises a discernible constitutional challenge to the Mailing Policy predicated on her First Amendment right as a non-prisoner to communicate by mail with Inmate. As such, we believe her defective pleading could be cured based on facts to which she alludes in her brief.[9] Campbell v. Dep't of Labor & Indus., 471 A.2d 1331 (Pa. Cmwlth. 1984).

---

[9] Wife raises several substantive assertions in her brief. First, she challenges DOC's reason for enacting the Mailing Policy. Wife argues the majority of drugs are smuggled in by prison officials, therefore, the Mailing Policy does not eliminate the entry of drugs. She contends only a few of the staff's reported illnesses were drug-related, while others were attributed to "psychogenic illnesses not related to physical drug interactions." Pet'r's Br. at 6. According to Wife, DOC received funding for the Mailing Policy before the alleged outbreak of drug-related illness. Wife also asserts alternatives to the Mailing Policy exist. Id. at 4.

Although Wife asserts a viable constitutional challenge to the Mailing Policy, her petition for review does not contain sufficient facts that, if true, satisfy the elements for a constitutional claim or injunctive relief as set forth above. Thus, we are constrained to grant DOC's demurrer. However, Wife may amend her petition pursuant to Rule 1033(a) of the Pennsylvania Rules of Civil Procedure.[10] This is consistent with our precedent, which affords petitioners the right to amend "when there is some reasonable possibility that amendment may be accomplished successfully" and "the defects in the pleading can be cured." Arnold v. Dep't of Corr. (Pa. Cmwlth., No. 86 M.D. 2013, filed Jan. 28, 2014), slip op. at 11, 2014 WL 309633, at *5 (unreported).[11] Moreover, such amendment would clarify the issues before the Court, as it would reflect Wife as the sole petitioner.

---

In addition, Wife notes her claim extends beyond a mere annoyance of not-received mail. Rather, Wife cannot share irreplaceable items, like family photos or the children's art, with Inmate. Further, she claims the Mailing Policy is a constructive ban on mail because it is an invasion of privacy. Wife argues non-prisoners do not write freely to their incarcerated loved ones out of fear their words "may be misconstrued, especially when reports come back that only partial pages were copied or words were blurred …." Id. at 6. Wife also maintains she sent Inmate important legal documents; however, this mail never reaches him, which creates stress and the increased cost of frequently re-sending copies. Id. at 7.

[10] Rule 1033(a) provides: "A party … by leave of court, may at any time … amend the pleading." Pa. R.C.P. No. 1033.

[11] This is also consistent with recent federal decisions. See Robinson v. Dep't of Corr. (E.D. Pa., No. 19-CV-1689, filed May 13, 2019), 2019 WL 2106204 (allowing petitioners to proceed on their objection to DOC's new mailing policy but dismissing their remaining claims); Valles v. Ebbert (M.D. Pa., No. 18-CV-1967, filed Apr. 4, 2019), 2019 WL 1493360 (allowing petitioner to file amended complaint concerning his First Amendment mail interference claim); Woodell v. Wetzel (E.D. Pa., No. 18-CV-4430, filed Nov. 14, 2018), 2018 WL 5996643 (dismissing petitioner's claims except for his First Amendment challenge of DOC's mailing policy).

### III. Conclusion

Accordingly, we overrule DOC's preliminary objection to our jurisdiction, and we grant DOC's preliminary objection in the nature of a demurrer to the extent it challenges the legal sufficiency of the facts pled in Wife's petition. We discern a cognizable constitutional challenge and claim for injunctive relief, for which insufficient facts are alleged. We grant Wife leave to amend her petition for review.

_____

ROBERT SIMPSON, Judge

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dwayne Hill and Donna Hill, : 
                  Petitioners : 
                              : 
          v. :   No. 684 M.D. 2018
                              : 
Commonwealth of Pennsylvania : 
Governor and the Pennsylvania Dept. : 
of Corrections, Secretary, : 
                  Respondents : 

## O R D E R

**AND NOW**, this 12th day of September 2019, the Pennsylvania Department of Corrections' (DOC) preliminary objection to this Court's jurisdiction is **OVERRULED**; DOC's preliminary objection in the nature of a demurrer is **SUSTAINED without prejudice** in accordance with this opinion.

**AND FURTHER**, Petitioner Donna Hill is **GRANTED LEAVE** to file an amended petition for review within **30 days** of this date in accordance with the foregoing opinion. If Petitioner does not timely file an amended petition for review, this case may be dismissed on praecipe (written direction) of Respondents.

_____
ROBERT SIMPSON, Judge