George JONES, Appellant,

v.

Tom PETERMAN, Jeffrey Smith, Jay Stidd, R. Norris, Terry Whitman, Robert Meyers and Gregory Gaertner.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 1, 1999.

Decided Dec. 23, 1999.

George Jones, Appellant, pro se.

Melissa A. Swauger, Harrisburg, for appellees.

Before DOYLE, President Judge, COLINS, J., and LEADBETTER, J.

LEADBETTER, Judge.

This case reaches us in an unusual posture. The Court of Common Pleas of Centre County determined that a civil complaint filed by prisoner George Jones was in the original jurisdiction of the Commonwealth Court, and rather than transferring the case, issued an order dated September 1, 1998 returning his complaint to him—an action functionally equivalent to a dismissal. Jones appealed that order to the Superior Court. On May 10, 1999, the Superior Court issued an order transferring that appeal to the Commonwealth Court. Since then, both parties have filed briefs claiming that jurisdiction is properly before the common pleas court.

The Commonwealth Court has jurisdiction to hear only a narrow class of cases in its original jurisdiction. The relevant section of our jurisdictional statute states that Commonwealth Court shall have original jurisdiction in cases asserted against "the Commonwealth Government, including any officer thereof, acting in his official capacity," except in cases involving five enumerated exceptions. 42 Pa.C.S. § 761(a)(1). The court of common pleas thus bases its opinion upon an attempt to demonstrate that the named defendants are officers of the Commonwealth acting in their official capacity. However, in *Mickens v. Jeffes*, 71 Pa.Cmwlth. 68, 453 A.2d 1092 (1983), this Court addressed the issue of which state employees constitute "officers" of the commonwealth, observing that

"only those persons who perform state-wide policymaking functions and who are charged with the responsibility for independent initiation of administrative policy regarding some sovereign function of state government." *Mickens*, 453 A.2d at 1093, quoting *Opie v. Glascow, Inc.*, 30 Pa. Cmwlth. 555, 375 A.2d 396, 398 (1977). Defendants here were identified as "deputy superintendents" or "employees" or "members of the Program Review Committee" of a single state correctional facility. These defendants have no statewide policymaking functions, so do not qualify as officers of the Commonwealth for purposes of the Commonwealth Court's original jurisdiction.

█ Even if defendants were deemed officers, the action would still be barred from this court's original jurisdiction. The relevant subsection of our jurisdictional statute states that the Commonwealth Court shall not have original jurisdiction even against officers of the Commonwealth acting in their official capacity when the case involves "actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity and actions or proceedings in the nature of assumpsit relating to such actions or proceedings in the nature of trespass." 42 Pa.C.S. § 761(a)(1)(v). Our Supreme Court has held that "An action in trespass would lie 'for redress in the shape of money damages for any unlawful injury done to the plaintiff, in respect either to his person, property, or rights, by the immediate force and violence of the defendant.'" *Balshy v. Rank*, 507 Pa. 384, 395, 490 A.2d 415, 420 (1985), *quoting* BLACK'S LAW DICTIONARY, Rev. 4th Ed. 1674 (1968). Jones seeks monetary damages for an alleged civil conspiracy to deprive him of his rights, which places his cause of action clearly within the definition of "action in trespass."

*Balshy* further instructs that the legislative history of § 761 obviates the need to examine whether this is also a case in which "the Commonwealth government formerly enjoyed sovereign or other immunity." A history of the section's amendments show us

that each time it became apparent to the General Assembly that actions for tort liability could be maintained against the Commonwealth or its officers in Commonwealth Court the General Assembly amended § 761 to provide that those actions be brought in Common Pleas Court and not in Commonwealth Court. This leads us inescapably to the conclusion that there exists a legislative intent that all actions against the Commonwealth or its officers, acting in their official capacities, asserting tort liability, are outside the original jurisdiction of the Commonwealth Court.

*Balshy v. Rank*, 507 Pa. at 394, 490 A.2d at 420. Jones' claim of civil conspiracy thus clearly falls within 42 Pa.C.S. § 761(a)(1)(v), and would therefore be subject to our appellate review under 42 Pa. C.S. § 762(a)(1)(i), not our original jurisdiction.

For the preceding reasons, the action is properly brought within the court of common pleas, and the order returning the complaint to appellant Jones due to lack of jurisdiction is reversed.

### ORDER

AND NOW, this 23rd day of December, 1999, the order of the court of common pleas of Centre County in the above captioned matter is reversed and the case remanded to the court of common pleas.

Jurisdiction relinquished.