# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mac Kenneth Ortiz, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 615 M.D. 2018 |
| | : | Submitted: March 22, 2019 |
| Pa. Department of Corrections | : | |
| John Wetzel - Secretary of | : | |
| Corrections Pa. Attorney General's | : | |
| Office Superintendant: Lee E-Stock | : | |
| of S.C.I. Pine Grove, Johnstown | : | |
| United States Postal Service Branch, | : | |
| Respondents | : | |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE ROBERT SIMPSON, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**          **FILED: June 6, 2019**

In this original jurisdiction matter, Petitioner Mac Kenneth Ortiz (Ortiz), a state prison inmate, seeks injunctive relief staying any further implementation of a new inmate mail policy by the Pennsylvania Department of Corrections (DOC). Presently before the Court is a preliminary objection by Respondents DOC, DOC Secretary John Wetzel and Lee Estock[1], Superintendent of the State Correctional Institution (SCI) - Pine Grove (collectively, DOC Respondents). DOC Respondents contend Superintendent Estock should be dismissed as a party because he has no statewide responsibilities with respect to DOC and therefore cannot be considered a statewide officer for purposes of this

---

[1] We note that Petitioner Ortiz, an uncounseled litigant, misspelled Superintendent Estock's name in the caption.

Court's original jurisdiction under 42 Pa. C.S. §761(a)(1). Upon review, we overrule DOC Respondents' objection.

In response to numerous instances of staff and inmate exposure to suspicious substances including opiods and synthetic cannabinoids, DOC began implementing a new mail policy to combat the introduction of drugs into state correctional facilities. DOC began sending all inmate mail to a central processing facility. Pursuant to the new policy, inmate mail is opened and scanned back to the facilities. Each facility prints the mail and delivers it to the inmates. This process is designed to eliminate any possibility of drug introduction through the mail system.

DOC also implemented a new policy for legal mail. Pursuant to the policy, legal mail is copied in front of the inmate by staff wearing protective equipment. A dedicated copier with an advanced scanning system is used. Each facility has at least two systems, which are placed at ingress points for staff and visitors.

In September 2018, Ortiz filed a petition for review in our original jurisdiction against several respondents, including the Pennsylvania Attorney General[2] and DOC Respondents, seeking an injunction staying DOC's implementation of the new mail policy. Ortiz alleges the mail policy violates his constitutional rights, including the right to privacy.

---

[2] By order dated January 16, 2019, this Court sustained the Attorney General's preliminary objection alleging misjoinder, and we dismissed the Attorney General as a respondent.

In response, DOC Respondents filed preliminary objections including a demurrer. However, DOC Respondents reserve the issue of the constitutionality of the new mail policy until a more complete record is created. As such, the only objection presently before the Court is DOC Respondents' contention that Superintendent Estock should be dismissed as a respondent because he is not a statewide officer for purposes of this Court's original jurisdiction under 42 Pa. C.S. §761(a)(1).

This Court's original jurisdiction extends to only a narrow class of cases. Jones v. Peterman, 743 A.2d 537 (Pa. Cmwlth. 1999). The relevant section of our jurisdictional statute provides that this Court shall have original jurisdiction in cases asserted against "the Commonwealth government, including any officer thereof, acting in his official capacity …." 42 Pa. C.S. §761(a)(1).

For purposes of jurisdiction under 42 Pa. C.S. §761(a)(1), state employees are only considered officers of the Commonwealth if they "perform statewide policymaking functions and are charged with the responsibility for independent initiation of administrative policy regarding some sovereign function of state government." Jones, 743 A.2d at 538 (quoting Mickens v. Jeffes, 453 A.2d 1092, 1093 (Pa. Cmwlth. 1983)). We agree with DOC Respondents that Superintendent Estock performs no statewide policymaking functions. Rather, his duties are limited to SCI-Pine Grove.

Nonetheless, this Court has "ancillary jurisdiction over any claim or other matter which is related to a claim or other matter otherwise within its exclusive

original jurisdiction." 42 Pa. C.S. §761(c). Because this Court has original jurisdiction over Ortiz's constitutional claims against DOC and Secretary Wetzel, we also have jurisdiction over Ortiz's related claims against Superintendent Estock. See Bullock v. Pa. Dep't of Corr. (Pa. Cmwlth., No. 375 M.D. 2016, filed September 28, 2017), 2017 WL 4287873 (unreported) (Cohn Jubelirer, J.), (where inmate sought review of the actions of DOC as an agency, this Court had ancillary jurisdiction over related claims against a private party).[3]

Consequently, this case is distinguishable from Jones and Mickens, where we did not have original jurisdiction over claims against a Commonwealth agency or officer. For the above reasons, we overrule DOC Respondents' preliminary objection to this Court's jurisdiction over Superintendent Estock.

ROBERT SIMPSON, Judge

---

[3] Section 414 of this Court's Internal Operating Procedures authorizes the citation of unreported panel decisions issued after January 15, 2008, for their persuasive value, but not as binding precedent. 210 Pa. Code §69.414.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mac Kenneth Ortiz,     :
     Petitioner  :
         :
    v.      :  No. 615 M.D. 2018
         :
Pa. Department of Corrections :
John Wetzel - Secretary of  :
Corrections Pa. Attorney General's :
Office Superintendant: Lee E-Stock :
of S.C.I. Pine Grove, Johnstown :
United States Postal Service Branch, :
     Respondents :

## O R D E R

**AND NOW**, this 6th day of June, 2019, for the reasons stated in the foregoing opinion, the Department of Corrections Respondents' preliminary objection to the Court's jurisdiction over Superintendent Lee Estock is **OVERRULED**, and the Department of Corrections Respondents are directed to file an answer to the Petition within 30 days of this order.

          _____
          ROBERT SIMPSON, Judge