# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vito A. Pelino,                          :
                                         :
                    Petitioner           :
                                         :
            v.                           : No. 92 M.D. 2019
                                         : Submitted: February 21, 2020
John E. Wetzel and Robert Gilmore,       :
                                         :
                    Respondents          :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED: April 20 2020


Before us are the preliminary objections of the Secretary of the Department of Corrections John E. Wetzel (Secretary) and Robert Gilmore (Superintendent) of the State Correctional Institution (SCI)-Greene (collectively, the Department), to Vito A. Pelino's (Pelino) amended petition for review seeking to enjoin its contract with Smart Communications (Contractor) to serve as a mailing clearinghouse for inmates' personal mail. Pelino asserts that the Department abused its fiduciary relationship and breached his power of attorney (POA) by authorizing Contractor to receive, scan, store, and process incoming mail. As a result of the Department's improper delegation to Contractor, he alleges his mail was delayed or not received at all. He also avers that the delegation to Contractor

violates his constitutional rights to free speech and due process of law. In addition, he claims harm to his mental health resulting from the mail process.

The Department asserted preliminary objections in the nature of a demurrer to each claim, and challenged this Court's jurisdiction over the claims against Superintendent. We overrule the preliminary objection to our jurisdiction; however, we sustain the preliminary objections in the nature of a demurrer based on the breach of contract/breach of fiduciary duty claims and dismiss these claims with prejudice. We also sustain the preliminary objections in the nature of a demurrer as to the alleged constitutional violations; however, we dismiss these claims without prejudice.

## I. Background

In 2012, Pelino signed a POA at SCI-Camp Hill. Amended Petition (Am. Pet.) ¶5. The POA allowed the Department to deduct funds from his inmate account for expenses, including processing inmate mail. *Id.* After issuing a system-wide lockdown when several SCI staff suffered illnesses, the Department amended its mailing policy, DC-ADM 803, to reform the correctional facility mailing system (Mail Policy). Under the Mail Policy, the Department no longer accepts non-legal mail on inmates' behalf. *See* Am. Pet. Exhibit (Ex.) D. Rather, pursuant to a contract that Secretary executed in September 2018 (Contract), the Department authorized Contractor, a central processing facility in St. Petersburg, Florida, to receive and process all personal inmate mail. *Id.* ¶6. At the Florida facility, Contractor electronically copies and stores all personal inmate mail before forwarding copies of personal mail to the inmate's SCI. Inmates do not receive the originals, which are retained for a period of time before they are destroyed.

2

Pelino filed a petition for review seeking declaratory and injunctive relief. He alleged breach of contract (the POA) and breach of fiduciary duty related to Secretary contracting for mail processing with Contractor. The Department filed preliminary objections, alleging improper service. This Court dismissed the Department's preliminary objections as moot when Pelino properly served an amended petition for review.

In the Amended Petition, Pelino restated his breach of contract and fiduciary duty claims. *See* Am. Pet. ¶¶8-21. He alleged that the Department violated the POA when it authorized Contractor to receive and process personal inmate mail on his behalf. Pelino claimed that the Department breached its fiduciary duty when it refused to accept personal mail on inmates' behalf and delegated that function to Contractor. *Id.* ¶19. He also asserted that the Mail Policy and its implementation violates his constitutional rights to free speech and due process under the U.S. Constitution. *Id.* ¶¶22-23. Pelino pled that he exhausted his administrative remedies. *Id.* ¶7. He also pled that he has no adequate remedy at law to redress the violations, and "will be irreparably injured by [the Department's] conduct" unless he receives the equitable relief sought. *Id.* ¶23. He seeks an order terminating the contract with Contractor and rescission of the Mail Policy.

The Department filed preliminary objections in the nature of a demurrer to each of the claims in the Amended Petition. It emphasizes that Pelino fails to state a claim for injunctive relief because he alleged no irreparable harm from enforcement of the contract with Contractor. The Department also argues that Superintendent should be dismissed because he is not a statewide officer for purposes of this Court's original jurisdiction. Pelino responded to the preliminary objections, underscoring that the constitutionality of the Department's Mail Policy,

3

including its delegation to Contractor, remains undetermined. After briefing, we address the preliminary objections.

## II. Discussion

In reviewing preliminary objections, we must accept as true all well-pled allegations of material facts, as well as all inferences reasonably deducible from those facts. *Key v. Pennsylvania Department of Corrections*, 185 A.3d 421, 423 n.3 (Pa. Cmwlth. 2018). However, this Court is not required to accept as true any unwarranted factual inferences, conclusions of law, or expressions of opinion. *Id.* Only where the pleading is "facially devoid of merit" should the demurrer be sustained. *Wurth by Wurth v. City of Philadelphia*, 584 A.2d 403, 406 (Pa. Cmwlth. 1990) (citation omitted). It must be clear that the law will not permit recovery, and any doubt must be resolved in favor of the non-moving party. *Key*.

### A. Jurisdiction/Superintendent Claims

We first consider our jurisdiction as to the claims against Superintendent. This Court's original jurisdiction extends to only a narrow class of cases. *Jones v. Peterman*, 743 A.2d 537 (Pa. Cmwlth. 1999). The relevant part of our jurisdictional statute provides that this Court shall have original jurisdiction in cases asserted against "the Commonwealth government, including any officer thereof, acting in his official capacity . . . ." 42 Pa. C.S. §761(a)(1). *See Ortiz v. Wetzel* (Pa. Cmwlth., No. 615 M.D. 2018, filed June 6, 2019), slip op. at 3.[1] For purposes of jurisdiction under 42 Pa. C.S. §761(a)(1), state employees are only considered officers of the

---

[1] We cite this case for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

Commonwealth if they "perform state[]wide policymaking functions and . . . are charged with the responsibility for independent initiation of administrative policy regarding some sovereign function of state government." *Jones*, 743 A.2d at 538 (quoting *Mickens v. Jeffes*, 453 A.2d 1092, 1093 (Pa. Cmwlth. 1983)).

We agree with the Department that Superintendent performs no statewide policymaking functions. Rather, his duties are limited to SCI-Greene. Nevertheless, we exercise original jurisdiction when we have "ancillary jurisdiction over any claim or other matter which is related to a claim or other matter otherwise within [our] exclusive original jurisdiction." 42 Pa. C.S. §761(c); *Ortiz*.

Here, Pelino also pled constitutional violations against Secretary. Secretary *is* a statewide policymaker. *Ortiz*. As we have jurisdiction over the claims against Secretary, we also have jurisdiction over the claims against Superintendent. *Id.* Accordingly, we overrule the Department's preliminary objection to the claims against Superintendent because we have ancillary jurisdiction over his claims.

**B. Demurrer**

Next, we consider the Department's demurrers to Pelino's claims. Primarily, the Department argues that this Court should dismiss Pelino's claims because its Mail Policy, including its delegation of handling personal inmate mail to Contractor, is constitutional under rational basis scrutiny. The Department also asserts that Pelino fails to state a claim for injunctive relief because he did not allege irreparable harm as a result of its mail processing Contract with Contractor.

5

"The party seeking [an] injunction must establish that (1) the right to relief is clear, (2) there is an urgent necessity to avoid an injury which cannot be compensated for by damages, and (3) greater injury will result in refusing rather than granting the relief requested." *Big Bass Lake Community Association v. Warren*, 23 A.3d 619, 626 (Pa. Cmwlth. 2011). A demurrer should be granted only when there is no doubt that the relief requested is not available. *Key*.

For his breach of contract and fiduciary duty claims, Pelino claims a clear right to compliance with the POA. He asserts that the Department breached the POA by authorizing Contractor to receive, hold, and process inmate mail off-site. He also alleges that the Department breached its fiduciary duty when it delegated its function of receiving personal inmate mail to Contractor.

For his constitutional claims, Pelino challenges the Mail Policy and its implementation with regard to personal mail. Am. Pet. ¶22. Specifically, he asserts violations of the First Amendment right to free speech and his Fourteenth Amendment right to due process under the U.S. Constitution. *Id.*

## 1. Power of Attorney Claims

The essence of Pelino's breach of contract claim is predicated on the Department's alleged violation of the POA. He alleges that the Department breached the POA because it lacked authority to contract with an off-site third party to handle non-legal inmate mail. As authority, Pelino cites to Section 5601.4 of the Probate, Estates, and Fiduciaries Code (Code), 20 Pa. C.S. §5601.4. Specifically, Section 5601.4(a)(5) of the Code states:

> (a) General rule.—An agent under a power of attorney may do the following on behalf of the principal or with the principal's property only if the power of attorney expressly

6

grants the agent the authority and exercise of the authority is not otherwise prohibited by another agreement or instrument to which the authority or property is subject:

\* \* \*

(5) Delegate authority granted under the power of attorney.

20 Pa. C.S. §5601.4(a)(5); *see* Am. Pet. ¶11. Pelino contends that because he did not expressly delegate authority to the Department to allow Contractor to process his personal mail off-site, resulting in delayed and lost mail, the Department exceeded its power under the POA. He emphasizes that the POA binds authorized representatives of the Department to serve as his agent, and only to act as his agent ". . . at any facility or center within [the Department] *where the inmate is held*." *See* Am. Pet. Ex. A (emphasis added).

Pelino fails to plead facts to establish the elements for a breach of contract claim. "A cause of action for breach of contract must be established by pleading[:] (1) the existence of a contract, including its essential terms[;] (2) a breach of a duty imposed by the contract[;] and (3) resultant damages." *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. 1999) (citing *General State Authority v. Coleman Cable & Wire Co.*, 365 A.2d 1347, 1349 (Pa. Cmwlth. 1976)). "While not every term of a contract must be stated in complete detail, every element must be specifically pleaded." *Id.*

Here, Pelino does not allege any damages as a result of the Department's alleged breach of the POA. Instead of damages, Pelino seeks equitable relief in the form of enjoining the Department's agreement with Contractor. Because he does not plead damages, and in fact, pleads that he has no adequate remedy at law (Am. Pet. ¶23), Pelino does not plead a breach of contract action.

7

Pelino also does not state a claim for breach of fiduciary duty under the POA. Relevant here, he points to no lack of authority by the Department to change its policies or to contract certain functions to a third party. The POA is broad and does not limit the Department's policy-making or mail processing functions. *See* Am. Pet. Ex. A. The POA relates to the disposition of inmate property while he is confined. The language Pelino emphasizes, which authorizes representatives of the Department to act as his agent, does not limit the authority to only the SCI where the inmate is held. It merely binds the Department representatives where Pelino is confined to the same fiduciary duty as the person who signed the POA on the Department's behalf. The POA does not proscribe delegation to third-party contractors.

Because we discern no violation of the POA by the Department in delegating authority to Contractor to receive and process personal inmate mail, we sustain the Department's demurrers to Pelino's claims based on a violation of the POA.

## 2. Injunctive Relief for Constitutional Claims

In its demurrer to Pelino's constitutional claims, the Department focuses on the constitutionality of the Mail Policy under the rational basis test in *Turner v. Safley*, 482 U.S. 78 (1987). *See* Respondents' Brief at 9-14. Under *Turner*, the Department's policy passes constitutional muster if the alleged policy limitation on inmate rights is reasonably related to legitimate penological concerns of safety and security. *Id.* The Department argues that the Mail Policy, particularly its requirement that all personal mail be sent to Contractor for processing and storage, is designed to reduce entry of contraband (drugs) into the prison setting. It asserts that the handling of personal inmate mail caused illnesses

8

to several staff across many SCIs that resulted in a system-wide lockdown, necessitating an alternate means of handling personal inmate mail. *See generally Sutton v. Bickell*, 220 A.3d 1027, 1032-34 (Pa. 2019) (applying *Turner* to due process challenge to the Department's policy).

However, these alleged rational basis grounds for the Mail Policy are not contained in the Amended Complaint, of which the well-pled allegations are presumed true. "[The Department's] effort to supply facts missing from the objectionable pleading makes the preliminary objection in the nature of a demurrer an impermissible 'speaking demurrer.'" *Stilp v. Commonwealth*, 910 A.2d 775, 791 (Pa. Cmwlth. 2006). At this preliminary stage, lacking a record to support the Department's contentions regarding the rational basis for the Mail Policy, this Court declines to rule on its constitutionality.

Nonetheless, while this Court does not foreclose the possibility that the handling of personal inmate mail under the Mail Policy may constitute a wrong meriting equitable relief, Pelino did not plead sufficient facts to establish a constitutional violation. Pelino did not identify a clear right to prompt receipt of mail or receipt of original mail.

However, he alleged reduced communication from friends based on the implementation of the Mail Policy (Am. Pet. ¶13), which is a reduction in communication. This suggests facts that may support a First Amendment claim. *Cf. Nixon v. Secretary Pennsylvania Department of Corrections*, 501 F. App'x 176, 178 (3d Cir. 2012) (holding that a "single, isolated interference with [an inmate's] personal mail was insufficient to constitute a First Amendment violation"). Interference with an inmate's mail may rise to the level of a

9

constitutional violation. *See Bieregu v. Reno*, 59 F.3d 1445, 1451-52 (3d Cir. 1995), *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996).

Regardless, Pelino did not allege irreparable harm caused by the Mail Policy. His general allegations that "[he] has been, and will continue to be irreparably injured," Am. Pet. ¶23, without further description, do not suffice. Accordingly, we sustain the Department's demurrer to the constitutional claims based on the current amended pleading.[2] *See, e.g.*, *Earley v. Smith* (Pa. Cmwlth., No. 402 M.D. 2017, filed April 16, 2018), slip op. at 15 ("[B]ecause Petitioner did not allege sufficient facts establishing that she has a clear legal right to relief, the Court sustains the Superintendent's preliminary objection and dismisses the Petition without prejudice.").

Based on the foregoing, we sustain the Department's preliminary objection as to the claims against Superintendent, and the demurrers to the breach of contract and breach of fiduciary duty claims. Accordingly, those claims are

---

[2] Pelino also averred that he "suffers from depression and anxiety for which he sees a therapist once a month . . . and the actions of [the Department] have exacerbated his mental condition causing him pain and suffering." Am. Pet. ¶14. However, he did not allege that this harm is irreparable or connect his mental condition to the Mail Policy, or the delay and non-receipt of original mail under its implementation. Moreover, he has never sought to further amend his amended petition for review to correct the stated deficiencies. *See, e.g.*, *Werner v. Zazyczny*, 681 A.2d 1331, 1338 (Pa. 1996), wherein the Supreme Court explained:

> [Pa. R.C.P. No. 1033] allows a party to amend his or her pleadings with either the consent of the adverse party or leave of the court. Leave to amend lies within the sound discretion of the trial court and 'the right to amend should be liberally granted at any stage of the proceedings unless there is an error of law or resulting prejudice to an adverse party.' Here, petitioner's claim fails because he never requested that the Commonwealth Court allow him leave to amend. [Petitioner] fails to cite to any case law, and we can find none, requiring a court to *sua sponte* order or require a party to amend his pleading. (Citation omitted.)

10

dismissed with prejudice. Although we also sustain the Department's demurrer to the constitutional claims based on the current pleading, we do so without prejudice.


_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vito A. Pelino,                          :
                                         :
                    Petitioner           :
                                         :
          v.                             : No. 92 M.D. 2019
                                         :
John E. Wetzel and Robert Gilmore,       :
                                         :
                    Respondents          :

# **O R D E R**

AND NOW, this 20th day of April, 2020, John E. Wetzel's and Robert Gilmore's (collectively, Respondents) preliminary objections regarding jurisdiction as to the claims against Respondent Robert Gilmore are **OVERRULED**; Respondents' demurrers as to the breach of contract and breach of fiduciary duty claims are **SUSTAINED**, and those claims are **DISMISSED WITH PREJUDICE**; Respondents' demurrer as to Vito A. Pelino's (Petitioner) constitutional claims is **SUSTAINED** based on the current pleading and Petitioner's amended petition for review as to those claims is **DISMISSED WITHOUT PREJUDICE**.

_____
MICHAEL H. WOJCIK, Judge