# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith Tolbert,                                    :
                              Petitioner          :
                                                  :
             v.                                   :   No. 589 M.D. 2023
                                                  :   SUBMITTED:  March 4, 2025
Pennsylvania Department of                        :
Corrections, Superintendent Joseph                :
Terra, John/Jane Doe Block Officer                :
at SCI Phoenix, and John/Jane Doe                 :
RHU Property Officer at SCI Phoenix,              :
                              Respondents         :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
            HONORABLE STACY WALLACE, Judge (P.)
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                        **FILED:  April 3, 2025**


           Before the Court in our original jurisdiction is the preliminary objection
of Respondents, Pennsylvania Department of Corrections (DOC) and
Superintendent Joseph Terra (together, Respondents), to the petition for review filed
*pro se* by Petitioner, Keith Tolbert.[1]   Upon review, we sustain Respondents'
preliminary objection, dismiss the assumpsit claim against them, with prejudice, and

---

[1] Tolbert initiated this action by filing a complaint in the Court of Common Pleas of
Montgomery County (Common Pleas).  By Order issued January 18, 2024, Common Pleas granted
Respondents' motion to transfer the matter to this Court.  At that time the operative pleading was
Tolbert's third amended complaint.  By Order issued February 16, 2024, this Court explained that
the third amended complaint will be treated as a petition for review addressed to our original
jurisdiction and directed Respondents to file an answer or other responsive pleading on or before
March 18, 2024.

dismiss them from this matter. We remand to the Court of Common Pleas of Montgomery County (Common Pleas) for disposition as to the remaining respondents.

The pertinent facts, as asserted in the petition for review, are as follows. Tolbert is an inmate who was formerly incarcerated at the State Correctional Institution at Phoenix (SCI Phoenix). Pet. ¶ 1. On November 23, 2019, Tolbert sustained serious injuries while in SCI Phoenix's gymnasium and was taken to the hospital, where he remained for several weeks. Pet. ¶¶ 6-7.

Once Tolbert returned to SCI Phoenix and his regular housing unit, he found that his personal property was not packed in boxes and taped securely, "in violation of DOC Property Policy DC-ADM 815 [(the Policy)]." Pet. ¶¶ 11-12. Instead, Tolbert's cellmate was ordered by an unknown Block Officer to pack Tolbert's property in unsecured clear trash bags which were thrown in the back of his cell. Pet. ¶¶ 11, 14. This was also a violation of the Policy because only prison staff are permitted to pack an inmate's property. Pet. ¶ 14. Upon examining his property, Tolbert discovered that his television was wet, the cable box was damaged, and multiple items were missing including legal documents, a photo album, prescription eyeglasses, electronics, food, and footwear. Pet. ¶ 15. Tolbert filed a grievance to exhaust his administrative remedies, but was denied relief at every stage of the grievance process. Pet. ¶ 17.

The petition for review asserts claims of negligence and assumpsit against the John/Jane Doe Block Officer at SCI Phoenix and the John/Jane Doe Restricted Housing Unit Property Officer at SCI Phoenix (together, John/Jane Doe Officers) who failed to inventory and secure Tolbert's personal property while in their care, custody, and control, in accordance with the Policy and the DOC Code of

2

Ethics. Pet. ¶¶ 21-22. Tolbert claims that this failure to follow policy directly caused the loss and damage to his personal property. *Id.* Tolbert also asserts a claim of assumpsit against DOC and Superintendent Terra "for their failure to disclose the identities of the John/Jane Doe [Officers] in the instant matter and in doing so breach[ed] their implied promise to reimburse [Tolbert] for his loss/damaged [sic] personal property due to [the John/Jane Doe Officers'] negligence [sic] conduct in mishandling [Tolbert]'s property." Pet. ¶ 22.

Respondents DOC and Superintendent Terra[2] filed a preliminary objection in the nature of a demurrer arguing that the assumpsit claim against them should be dismissed as legally insufficient and that they should be dismissed as parties to this action. *See* Pa.R.Civ.P. 1028(a)(4). The preliminary objection has been fully briefed and is now ripe for our review.

At the outset, we note that "[i]n ruling on preliminary objections, this Court accepts as true all well-pled allegations of material fact, as well as all inferences reasonably deducible from those facts. However, this Court need not accept unwarranted inferences, conclusions of law, argumentative allegations, or expressions of opinion." *Feliciano v. Pa. Dep't of Corr.*, 250 A.3d 1269, 1274 (Pa. Cmwlth. 2021) (*en banc*) (internal citations omitted) [quoting *Dantzler v. Wetzel*, 218 A.3d 519, 522 n.3 (Pa. Cmwlth. 2019)]. Moreover, a preliminary objection in the nature of a demurrer "is properly sustained where, based on the facts averred, the law says with certainty that no recovery is possible; if doubt exists, then it should be

---

[2] Counsel for Respondents notes that because the John/Jane Doe Officers remain "unidentified, proper service has never been made upon them to vest [] Common Pleas or [this] Court with personal jurisdiction." Prelim. Obj. at 7 n.2. Because of this, the John/Jane Doe Officers also are not presently represented by Respondents' Counsel.

resolved in favor of overruling the objection." *Cnty. of Berks v. Pa. Off. of Open Recs.*, 204 A.3d 534, 539 n.7 (Pa. Cmwlth. 2019).

As this Court has explained, "[a]n action in assumpsit is a common law action in which a plaintiff claims that a defendant breached an express or implied promise to perform some act or make a payment to another." *Jordan v. Overmyer* (Pa. Cmwlth., No. 1863 C.D. 2017, filed Oct. 11, 2018), slip op. at 12[3] [citing Black's Law Dictionary 133 (8th ed. 2004)]. Stated otherwise, a claim in assumpsit "is one that arises from a contractual arrangement." *Martin v. Clark* (Pa. Cmwlth., No. 74 C.D. 2018, filed July 27, 2018), slip op. at 5. The subject matter for Tolbert's assumpsit claim is purportedly controlled by the Policy and the DOC Code of Ethics. We have repeatedly held that "[s]uch policies and procedures do not create a contractual relationship between [DOC] and an inmate." *Sanchez v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 451 M.D. 2023, filed Sept. 25, 2024), slip op. at 11 [citing *Oatess v. Beard*, 576 A.2d 398, 400 (Pa. Super. 1990)]. *See also Brown v. Dep't of Corr.* (Pa. Cmwlth., No. 1155 C.D. 2016, filed Aug. 8, 2017), slip op. at 3. Thus, Tolbert's assumpsit claim fails because he has not pleaded "facts suggesting that an express or implied promise exists between him and [Respondents]." *Martin*, slip op. at 6.[4]

Given all of the above, we sustain Respondents' preliminary objection, dismiss the assumpsit claim against them, with prejudice, and dismiss them from

---

[3] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b)(1) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b)(1), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

[4] Even assuming, *arguendo*, that the Policy and/or the DOC Code of Ethics implied that Respondents would maintain Tolbert's property in accordance therewith, we agree with Respondents that Tolbert "would not have a valid contractual arrangement with [Respondents] due to lack of consideration." *Brown v. York Cnty. Prison* (Pa. Cmwlth., No. 590 C.D. 2016, filed Oct. 16, 2017), slip op. at 7-8 n.6; *see also Brown v. Dep't of Corr.*, slip op. at 3.

this action, leaving only the John/Jane Doe Officers as the remaining respondents. This Court does not have original jurisdiction over the John/Jane Doe Officers, employees of SCI Phoenix, as they are not Commonwealth "officers" for purposes of Section 761(a)(1) of the Judicial Code, 42 Pa.C.S. § 761(a)(1).[5] *Jones v. Peterman*, 743 A.2d 537, 538 (Pa. Cmwlth. 1999) (holding that state employees are only considered officers of the Commonwealth, for purposes of 42 Pa.C.S. § 761(a)(1), if they "perform state[]wide policymaking functions and . . . are charged with the responsibility for independent initiation of administrative policy regarding some sovereign function of state government") [quoting *Mickens v. Jeffes*, 453 A.2d 1092, 1093 (Pa. Cmwlth. 1983)].  Thus, we are constrained to remand this matter to Common Pleas for disposition as to the remaining respondents.

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[5] That section provides, generally, that "[t]he Commonwealth Court shall have original jurisdiction of all civil actions or proceedings . . . [a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity[.]"  42 Pa.C.S. § 761(a)(1).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith Tolbert,                                    :
                        Petitioner                :
                                                  :
            v.                                    :   No. 589 M.D. 2023
                                                  :
Pennsylvania Department of                        :
Corrections, Superintendent Joseph                :
Terra, John/Jane Doe Block Officer                :
at SCI Phoenix, and John/Jane Doe                 :
RHU Property Officer at SCI Phoenix,              :
                        Respondents               :

## O R D E R

AND NOW, this 3rd day of April, 2025, the preliminary objection of Respondents Pennsylvania Department of Corrections and Superintendent Joseph Terra is SUSTAINED, the assumpsit claim against them is DISMISSED, with prejudice, and Respondents Pennsylvania Department of Corrections and Superintendent Joseph Terra are DISMISSED from this action.  The matter is REMANDED to the Court of Common Pleas of Montgomery County for disposition as to the remaining Respondents.

Jurisdiction relinquished.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita